# CHARLESTON.

## STONE *v.* CAMPBELLS CREEK RAILROAD COMPANY.

Submitted March 30, 1909.     Decided December 7, 1909.

1. NEGLIGENCE—*Pleading and Proof—Variance.*
   Where a declaration for personal injury from negligence details the facts or circumstances of negligence, so the main or essential facts pleaded as constituting the negligence be proven, the failure to prove details or incidental facts in the transaction, not vital to the action, does not constitute variance or defeat recovery. (p. 419).

2. EVIDENCE—*Admissibility—Res Gestae.*
   The statement made by an engineer of a locomotive, "I told

him to get off the engine, and he dropped down in front of the engine", made three or four minutes after injury to a boy jumping from a train, and run over by it, is admissible under the rule of *res gestae* in an action by a boy against a railroad company to recover for the injury. (p. 421).

Error to Circuit Court, Kanawha County.

Action by Earl Stone against the Campbells Creek Railroad Company. Judgment for defendant and plaintiff brings error.

*Reversed.*

*Ferguson & Ellison, C. J. Van Fleet* and *W. W. Wertz,* for plaintiff in error.

*Brown, Jackson & Knight,* for defendant in error.

BRANNON, JUDGE:

Earl Stone, a boy of eleven years of age, got upon the tender of a locomotive engine of the Campbells Creek Railroad Company and in jumping off received bodily injury and sued that company for damages therefor. The train was backing, tender foremost. Upon the trial the court struck out the plaintiff's evidence and rendered judgment for the defendant, and the plaintiff appeals to this Court.

The only point made in opposition to the writ of error by counsel of the railroad company in their brief is what I may call a variance between declaration and proof; or rather, that the declaration stated certain things chargeable to the railroad company as wrongful acts causing the injury, and the evidence proves other things. Counsel say that the declaration alleges that Stone got upon the tender to ride to the home of an uncle; that while the train was running at a speed which made it dangerous to get off, the engineer went to the boy and threw a shovel of water on him, and ordered and directed him to get off the train, and refused to stop the train, and in violent language threatened to put the plaintiff off by force; that the plaintiff believing that the engineer would forcibly eject him, and that an effort to resist would result in greater injury than he would encounter by getting off, jumped from the train, and the train was going so rapidly that he slipped and fell on the track, and the train ran over him and inflicted bodily harm upon him. We are told in the brief of counsel that the

law is that if a declaration for negligence states particular acts as the source of damage no evidence of other acts causing it can be given, citing *Snyder* v. *Wheeling Electrical Co.*, 43 W. Va. 661. That was a case where, as the Court held, there was a different cause of action proven from that stated in the declaration. We are also cited to *Hawker* v. *B. & O. R. Co.*, 15 W. Va. 628. In that case the declaration averred that the injury to the cattle by the train was caused solely by negligence of the defendant in this, that the defendant saw the cattle on the track and wrongfully drove its locomotive on them; whereas an instruction was given that would warrant the jury in finding negligence *before* the engineer saw the cattle, a fact not charged in the declaration, a different negligence from that charged But let us look to the character of this case. It is said in brief of counsel that of all the things imputed to the defendant in the declaration the only one proven was that the engineer told the plaintiff he would have to get off and threw a shovel of water on him, and that this according to the declaration had nothing to do with the accident. In this we cannot concur with counsel. The declaration does state that the engineer went to the boy and threw a shovel of water upon him and ordered and directed him to get off. Proof was given to show these facts. They are the very essence of the charge of negligence. The ordering the boy off while the train was moving and throwing water upon him in his face, the declaration and the proof concur in this matter. Here is the vital part of the case in declaration and in evidence. The act of the engineer in going to the boy and in throwing water upon him, as a means of forcing him off, and ordering and directing him to get off, as declaration and evidence charge, are the wrongs, the vital wrongs, attributed to the defendant as the cause of the accident to the boy. Those circumstances, together with the injury, constitute the gravamen of the action. As stated, they are charged in the declaration and evidence is given to show them. So, there is no variance between declaration and proof on these vitals. What if there is no evidence of rapid running of the train? The declaration alleges that it was running, and only says it was running rapidly, and the evidence tends to show that it was going five miles an hour; still, it was intended to allege that the movement of

the train was an element of danger. That is a mere detail. What difference about the rate of speed? There is no variance here, if we consider this important. Counsel say that the plaintiff's evidence claims that the water scared him, and that he then started to jump and that he then slipped and fell, and that the water caused him to fall. The declaration charged the throwing of the water as a wrongful act, as constituting a part of the alleged wrong of the defendant. Is it possible that the mere fact that the boy said that the water scared him and caused him to fall can raise a variance? It is a mere detail or incident of evidence under the head of the charge in the declaration that the defendant ejected the boy by throwing water upon him and ordering him off the train. It is said that the declaration did not impute the accident to the water as a cause; but it does, because it charges it as a part of the wrongful act. The declaration need not say that it was the water that caused him to slip, a means of ejection from the train. Counsel say there was no evidence of any violent or insulting language. Say that there was not. That was only a failure to prove an item of the declaration not really essential to the action. Counsel say that no evidence was offered of a refusal to stop the train or any threat to eject the plaintiff by force; but there is evidence that the train was running, and though there is no evidence of a request to stop the train and a refusal, the evidence goes to show that the train kept on and while running the engineer odered the boy off. This is tantamount to a refusal. It was an omission of prudence and care on the part of the company to stop before ordering the boy off. In this matter I can see no variance or failure of the action because no request to stop the train and refusal appear. We fail to realize the force of this argument of counsel. We say again that the declaration charges that the engineer, while the train was running at a dangerous speed, went to the boy, threw a shovel of water upon him and at the same time ordered him to get off, and that in jumping at the bidding of the engineer he received the injury. These are the vitals of the action. They are charged in the declaration and evidence given under their head tending to establish those facts. Other matters are merely matters of detail. It is only the case of failure to prove details or incidental facts not essential to the

action: Our law is, upon the subject of variance of evidence from declaration, in actions for damages resulting from injury by negligence, that there is no variance in respect to specification of mere matters of detail concerning the manner or instrumentalities by which the injury was inflicted so the cardinal substantial elements of the negligence alleged be proven. *Knicely* v. *Railroad Co.*, 64 W. Va. 278. In *Hanley* v. *Railway Co.*, 59 W. Va. 419, we held that a variance between the declaration and proof relating alone to the instrument by which bodily injury is inflicted is immaterial when the instrument alleged and the instrument proved are of the same general nature.

On the trial the plaintiff proposed to prove by a witness that the engineer, three or four minutes after the accident, said to the witness "I told him to get off the engine, and he dropped down in front of the engine." The court refused to allow this evidence. We think it was clearly admissible as part of the *res gestae*, as it tended to show that the engineer required the boy to get off and that in obedience to the order he did so, and it was so close in time to the misfortune. *Sample* v. *Light Co.*, 50 W. Va. 478; *Hawker* v. *Railroad Co.*, 15 *Id.* 628.

Our conclusion is to reverse the judgment, set aside the verdict and award a new trial.

*Reversed.*