# CHARLES TOWN

WATER COMPANY *v.* TOWN OF WELCH.

Submitted September 11, 1908.  Decided September 11, 1908.

1. CONSTITUTIONAL LAW—*Obligation of Contracts—Mandamus—Tax Levy.*
    A town makes a contract for furnishing it for public use light and water.   At the date of the contract statute gives the town power to tax up to a certain rate or limit.   A later retroactive statute limits the power of the town to tax to a lower rate.   The

·later statute is void, as to such prior contract, under Federal and State Constitutions, because impairing the obligation of the contract, and the courts will compel the town to impose taxes at a rate sufficient to meet such contract, notwithstanding such later act, so its levy do not exceed the limit fixed by the statute in force at the date of the contract.  (p. 375.)

2.  MUNICIPAL CORPORATIONS—*Municipal Indebtedness.*
   Municipal indebtedness forbidden by the Constitution discussed by JUDGE BRANNON.  (p. 377.)

Application by the Welch Water, Light & Power Company for a writ of *mandamus* against the town of Welch and others.

*Writ Awarded.*

RUCKER, ANDERSON, STROTHER & HUGHES, for petitioner.

R. R. SMITH, for respondents.

BRANNON, JUDGE:

In March, 1902, the town of Welch granted to D. J. Howell a franchise to use its streets and alleys for supplying electric light and water for public and private use in the town, and contracted with Howell to furnish light and water for the public use of the town for a term of years, the town agreeing to pay Howell compensation by periodical installments.  Howell assigned the right conferred upon him by the franchise to Welch Water, Light and Power Company, a corporation, and that corporation erected a plant, and for a number of years up to the present time furnished the town for its use light and water, for which it became indebted to the corporation in a considerable sum, and issued to it various orders or drafts payable out of the town treasury.  These drafts were presented to the sergeant of the town for payment, but he failed to pay them, saying that there was no money in the treasury with which to pay them.  The Water Company demanded of the council that it levy a tax to pay the same, but the council failed to do so, and said orders remain unpaid.  The company asks a *mandamus* to compel such levy.

At the date of the contract the statute law authorized the town to impose taxes up to the rate of one dollar on the $100 property valuation; but in 1905 the Legislature passed

an act limiting the power of taxation of the town from fifty cents on the $100 valuation; and in 1907 passed an act limiting it to forty cents; and in 1908 passed an act still further limiting the rate to thirty-five cents on the $100 valuation. The Water Company asks this Court for a *mandamus* against the town council to require it to impose a tax to pay said debt.

It is settled law that a statute in force at the date of a contract is an element of it as to its construction and binding force or obligation, as much as if the written contract expressly so declared. *U. S.* v. *Quincy*, 4 Wall. 535. *Louisiana* v. *Pilsbury*, 15 Otto 278, holds that tax laws for taxes to meet city contracts are part of such contracts. See 8 Cyc 931, and 15 Am. & Eng. Ency. L. (2d Ed.) 1046. The contract involved in this case had, by the statute law then in force, taxation as its only means of payment, and liability for payment being a most vital element of the contract, we can say that the parties looked to taxation as the source of payment, the only means of payment. The law then in force gave the town power to levy taxes up to the rate of one dollar on the $100 valuation of property. That was a part of the contract. The parties looked to this taxation, and contracted with reliance upon it. The Legislature could not impair the contract or change its obligation, by either wholly taking away the power of taxation, or limiting it, so as to destroy or delay payment, or render payment uncertain or indefinite, because the Federal and State Constitutions forbid any statute impairing the obligation of contracts. It does not help the case to say that because the rate of taxation is only *lessened* there is no impairment of the contract; for it has been held that "the objection to a law on the ground of its impairing the obligation of a contract can never depend upon the extent of the change which the law effects in it. Any deviation from its terms by postponing or accelerating the period of performance which it prescribes, imposing conditions not expressed in the contract, or dispensing with those that are, however minute or apparently immaterial in their effect upon the contract, impairs its obligation." *Green* v. *Biddle*, 8 Wheaton 84, "One of the tests that a contract has been impaired is that its value has, by legislation, been dimin-

ished. It is, by the Constitution, not to be impaired at all. This is not a question of degree or cause, but of encroaching, in any respect, on its obligation—dispensing with any part of its force." *Planters Bank* v. *Sharp*, 6 How. 327. Reiterated in *U. S.* v. *Quincy*, 4 Wall. 535. The legislation in this instance very plainly postpones payment materially; indeed, appears so to operate as to leave nothing, after other current and indispensable town expenses, to go to the plaintiff's debt. In *U. S.* v. *Quincy, supra*, we find it held that "Where a state authorized a municipal corporation to contract and to exercise power of taxation to the extent necessary to meet its engagements, the power thus given cannot be withdrawn until the contract is satisfied, neither the state nor the corporation can any more impair the obligation of the contract in this way than in any other. Laws requiring the requisite amount to be collected to pay municipal bonds, which were in force when the bonds were issued, cannot be annulled by subsequent legislation. A subsequent act restricting the power to tax, so far as it affects said bonds, is a nullity." The court said that the city must tax as if the later act had not been passed, and that ". a different result would leave nothing of the contract but an abstract right—of no practical value—and render the protection of the constitution a shadow and delusion." In *U. S.* v. *Mayor of New Orleans*, 13 Otto 301, it was held that a legislature may, at any time, restrict or revoke powers of a municipality, including power of taxation, "provided its action do not operate directly upon contracts of the corporation so as to impair their obligation by abrogating or lessening the means of their enforcement;" that if it so operate the legislation "must be disregarded." *Louisiana* v. *Pilsbury*, 15 Otto 278, holds legislation of a state impairing contracts made under its authority by a city, void, "and the court in enforcing the contract will pursue the same course and apply the same remedies as though such invalid legislation had never existed." The case of *Louisiana* v. *Mayor of New Orleans*, 109 U. S. 285, declares these principles as fixed. Those were cases where rates of taxation were *lessened* from what they were when the contracts were made, and thus they fit this case. In *Mobile* v. *Watson*, 116 U. S. 289, we find it stated as sound law that

"Where the recourse for payment of bonds of a municipal corporation is the power of taxation existing when the bonds were issued, any law which *withdraws* or *limits* the taxing power and leaves no adequate means for payment of the bonds, is forbidden by the Constitution of the United States, and is null and void." In the later case of *Scotland County* v. *United States*, 140 U. S. 41, we see that the Federal Supreme Court has decided that when authority is granted a municipality to contract a debt by the issue of negotiable securities, the power to levy taxes to meet, at maturity, the obligation to be incurred is implied. The state Code, chapter 47, section 28, gave the town of Welch power to light its streets and to erect, or authorize others to erect, electric light and water works, and thus the town would have power to make this contract, and under the case just cited would have implied power to levy taxes to meet the contract; but in addition, that statute gives express power of taxation. That the contract was a valid contract is beyond question. It is true that the return says, in a general way, that it is invalid. Why it is is not specified. I do not see that the question of its validity under section 8, Article 10, of the State Constitution, as creating a debt beyond its limitations is before us, as the data as to the taxable property and other things are not presented. Even if they were it would be a question, whether, as the pay for light and water is by installments there is the creation of a debt in the constitutional sense as beyond current annual expense. In *Walla Walla* v. *Walla Walla Water Company*, 172 U. S. 1, it is held that "A limitation of municipal indebtedness is not violated by a contract for a supply of water or gas at an annual rental, merely because the aggregate of the rentals during the life of the contract may exceed the limit of indebtedness." Much authority sustains this view. 44 Am. St. R. 239; 8 Am. & Eng. Ency. L. 1002, last note; 20 *Id.* 1175; *City* v. *Gardner*, 49 Am. R. 417; *McBean* v. *Fresno*, 53 Am. St. R. 191. I would regard this as good law. Why cannot a town make an agreement for light and water for a period beyond a year, to be paid for in installments in future after the light and water shall have been furnished, though the aggregated installments would exceed the limit of the Constitution? If it could not, it would be

hurtful to the town's powers. It can make a contract for one year, and why not several, if the cost for one year do not go beyond the limit? Is it not current expense? The Constitution is intended to forbid a fixed present debt payable in the future, of a permanent nature, not current annual expenditures. *List* v. *Wheeling*, 7 W. Va. 501; 44 Am. St. R. 240; *City* v. *Gardner*, 97 Ind. 1, reported in 7 Am. & Eng. Corp. Cas. 626. Whether this question under the Constitution is intended to be raised I cannot say; anyhow, the data are not present, and he who asserts the invalidity of a contract by a town because of the Constitution, Art. 10, section 8, must show it to be void. *Armstrong* v. *County Court*, 41 W. Va. 602. So, the question does not really arise. I think the only defense relied on is the limitation of the levy made by statutes passed subsequently to the contract.

It occurred to me that we could avoid passing on the constitutionality of the statutes under the familiar rule, that statutes are to be construed as operating only on future transactions, unless they plainly disclose an intent of retroaction; but I find that the legislation since the date of the contract up to this case evidently intends the limitation of levy to apply to antecedent indebtedness, because it makes provision for additional levy for ''outstanding indebtedness'' '' at the time this act goes into effect.'' Acts of 1907, chapter 62; Acts Extra Session 1908, chapter 9, section 4, page 58; and the act of 1908, makes this additional levy depend on a popular vote, a condition not annexed to said contract at its date. And here I note that even this additional levy applies in words to '' bonded indebtedness,'' and does not apply to such indebtedness as is present in this case. This shows that the act retroacts on this debt in its limitation of rate of taxation. The act of 1907 applies the additional levy to '' city, town or village orders or bonds,'' but the act of 1908 applies it only to bonded indebtedness. Thus this additional levy power does not apply to this debt, if it would alter the case if it did. If it did it puts it in the power of councils to limit the levy. And as stated, this debt is denied the remedy of additional levy, as that levy is limited to bonded indebtedness.

Of course, it will be understood that we do not hold the later act void as to contracts made after it went into operation. Of course, if I am wrong in regarding the act as retroactive, then the later act would not prevent levy enough to pay the plaintiff's demand.

The courts "coerce against the municipality, through its officials the levy of a tax sufficient to pay its debts, in spite of a legislative impairment of its powers subsequent to its contract." 15 Am. & Eng Ency. L. 1048. After writing this opinion I meet with a copious note in that most valuable late work, American and English Annotated Cases, vol. 7, p. 150, giving a collection of cases on the subject, which support the view above given.

So, we award the *mandamus* to require the council to levy taxation sufficient for payment of the orders in question, so in the whole for current expenses and such payment the levy do not exceed one dollar on the $100 valuation; in other words, a levy beyond thirty-five cents on the $100 valuation sufficient to pay the plaintiff, but not in all over one dollar on the $100 valuation.

*Writ Awarded.*