# CHARLESTON

STATE EX REL. AULTMAN v. ICE *et als.*

Submitted November 24, 1914. Decided January 12, 1915.

1. MANDAMUS—*Clerical Error—Cure by Amendment.*
    A clerical error in the date of the issuance of a *mandamus nisi* may be cured by an amendment. (p. 478).

2. SAME—*Alternative Writ—Recitals—Petition.*
    'An alternative writ of mandamus need not recite the filing of a petition for award thereof. (p. 478).

3. SAME—*Necessary Parties—Inspection—Corporations.*
    In a proceeding to compel the officers of a private corporation to allow one of its directors to inspect its books, papers, records and correspondence the corporation itself is not a necessary party. (p. 478).

4. SAME—*Alternative Writ—Validity—Corporations.*
    An alternative writ of mandamus sued out for such purpose is not vitiated by recital of the relator's dual status of stockholder and director and failure formally to claim the right of inspection in one of the two capacities indicated by the recitals. (p. 478).

5. SAME—*Peremptory Writ—Motion—Demurrer.*

  A motion for the award of a peremptory writ of mandamus, unaccompanied by a replication to the return to the alternative writ, is equivalent to a demurrer to the return. (p. 479).

6. CORPORATIONS—*Directors—Right to Inspect Corporate Records.*

  That the inspection sought by a director may disclose a right of action in him against the corporation or some of its agents does not preclude his right to inspect the books, papers and records of the corporation. (p. 481).

7. SAME—*Inspection of Corporate Books—Defense.*

  An averment, in general terms, that respondents are advised that one of the purposes of the relator, in seeking such inspection, is to enable him to obtain knowledge of the corporate business for communication to rival or competing concerns, unsupported by any allegation of facts, indicating the source of such information, the identity of such rival concerns or connection of the relator therewith, is too indefinite and, therefore, insufficient as a defense to the writ. (p. 481).

8. SAME—*Directors—Inspection of Records—Right to Assistance.*

  A director of a corporation is entitled to have the assistance of his attorney or agent, in the exercise of his right to inspect its books, papers and records, provided the latter has no interest adverse to the corporation, rendering his employment therein improper. (p. 481).

Error to Circuit Court, Marion County.

Mandamus by the State at the relation of Thomas G. Aultman, against C. F. Ice, president, etc., and another. Judgment for relator, and defendants bring error.

*Affirmed.*

*Geo. M. Alexander, Charles Powell,* and *A. J. Colborn,* for plaintiffs in error.

*Charles B. Johnson,* for defendant in error.

POFFENBARGER, JUDGE:

The judgment of the Intermediate Court of Marion County, affirmed by the Circuit Court of that county and brought here for review, awarded a peremptory writ of mandamus, commanding the respondents, president and secretary and treasurer of a corporation known as the Fairmont Box Car Loader Company, to permit the relator, a stockholder in the

company and a director thereof, to inspect the records, books, papers, contracts and other documents belonging to it and in their custody, and allow him the privilege of assistance by his agent in so doing.

Waged with vigor, skill and ability on both sides, the contest developed, in the court of its initiation, several questions of procedure and reliance, in the appellate courts, upon technical grounds for both affirmance and reversal.

One exception is based on an adverse ruling on a motion to quash the alternative writ, because (1), its date was two days earlier than that of the order awarding it; (2), it did not show the filing of a petition for issuance thereof; (3), the corporation was not made a party; and, (4), although averring the relator to be both a stockholder and a director, it failed to set forth the capacity in which he desired relief.

An amendment, the propriety of which seems to be clear beyond doubt, cured the first one of these alleged defects. It was shown by affidavits to have been a mere misprision of the clerk of the court.

No recital of the petition was necessary. The writ itself constitutes the declaration in this form of action. *Town of Mason* v. *Railroad Co.*, 51 W. Va. 183; *Fisher* v. *Charleston*, 17 W. Va. 628. The petition is, in law, a mere memorandum or affidavit, supplying the materials for the recitals of fact in the *mandamus nisi.*

No corporate interest in the litigation, not adequately represented by the governing officers proceeded against, is perceived. Through them, the corporation has notice and they act for it, just as effectually as if it were a formal party. The situation differs radically from that in which the interests of a person having no notice and not in any sense represented are to be affected, as in *Armstrong* v. *County Court*, 15 W. Va. 190.

The remaining ground of the motion is likewise untenable. Under some circumstances, the relator has admitted right of inspection in either and both capacities, and the same relief would be granted in either case. If the facts set forth in addition to the averment of his character as a stockholder do not confer such right upon him as a stockholder, but do give it to him as a director, the averment of his ownership of

stock can be treated as harmless surplusage. *Sprinkle* v. *Duty*, 54 W. Va. 559. If, on the contrary, he has the right in both capacities, relief could not be denied him because he has unnecessarily shown himself to be doubly entitled to it.

Recital here of the contents of the pleadings, or even of the substance thereof, would not materially aid in the solution of the questions raised. The writ, return and amended return all cover unnecessary ground and partake largely of the character of the pleadings in an equity suit. Right of personal inspection is not denied. On the contrary, it is distinctly admitted and had been formally invited. Only the alleged right of inspection by an agent or attorney is denied, and this denial is supplemented by the assertion of impropriety in the purpose for which the inspection is demanded. A few days before the writ was obtained, the relator caused a written demand for the right of inspection by himself and his agent or attorney to be served on the respondents. The president responded thereto by a letter, conceding in the most comprehensive terms the right to inspect as a director and tendering for such purpose all books, papers and records of the company but the letter was silent as to the admission of an agent or attorney for such purpose. On the occasion of the delivery of the notice or demand, however, the right of inspection by agent or attorney was expressly denied and has never been conceded or admitted and is not now.

Deeming the return and amended return insufficient, the relator moved the court to grant the peremptory writ and neither formally demurred nor replied. All parties treat the motion as the equivalent of a demurrer to the return and the amended return. Courts generally so regard it. *Fisher* v. *Charleston*, 17 W. Va. 628; *People* v. *San Francisco*, 27 Cal. 655; *Ward* v. *Flood*, 48 Cal. 36; *Board* v. *Board Sup'rs*, 51 Miss. 542; *State ex rel.* v. *Smith*, 104 Mo. 661.

The corporation was organized in Nov. 1905, under a charter issued under the laws of this state in Oct. 1905, to A. W. Rapp, Chas. L. Merrifield, C. D. Fleming, A. C. Ice and S. A. Boehm; but Geo. T. Watson, Chas. F. Ice and John H. Huhn took the bulk of the capital stock, in consideration of their assignments to the corporation of certain U. S. patents and applications for such patents then pending, all of which

were for box car loaders and improvements upon such machines. Each of them so obtained 65 shares of the par value of $100.00 each. Only seven additional shares were issued. There is some controversy as to equitable interests and rights in the patents and applications for patents, but they are of minor importance, if at all material. The corporation does not manufacture any of the patented machines. They are made, exploited and marketed by the Fairmont Mining Machinery Company, under a verbal contract, and the net profits divided between the two corporations. They are used by the Fairmont Coal Company and the Consolidation Coal Company, allied concerns, and unfairness to the Box Car Loading Company and its stockholders, in the relations of these companies, is charged. The relator seems to be of the opinion that the Box Car Loader Company should erect a plant and manufacture and market its own machines. Little, if any materiality in the contentions respecting these matters is perceived. Aultman, the relator, purchased Huhn's stock and such other rights and interests as he had in and against the company, on the 15th day of June, 1909, and was subsequently elected a director. At the date of the award of the *mandamus nisi*, Aultman was prosecuting an action of debt against Huhn for the recovery of $400.00 which he claimed had been wrongfully paid to Huhn by the corporation or some of its agents. Dismissing said action, he commenced another action, one of assumpsit, against Huhn on the same demand, which seems to have been still pending at the date of the judgment here complained of. These facts, suggesting the possibility of a claim by the relator, against the company or some of its agents, on account of transactions with Huhn, constitute the basis of a charge of improper motive or purpose in the demand for inspection. They are supplemented by an averment, in general terms, of the existence of keen and active competition in the business of supplying car loading machines and purpose on the part of the relator to obtain knowledge of the methods of the company and facts in its possession, for communication to its competitors, to its injury and damage. The alternative writ disclaims and disavows purpose and intent to make any improper use of any information that may be obtained.

Both sides base the right to relief on the state of the pleadings. The return admits the right of inspection, denying only right to the assistance of an agent or attorney, wherefore the relator says the writ must issue if the law accords such right of assistance. On the other hand, it is said admission of the improper motive or purpose arises from lack of a replication to the return, wherefore the writ must be denied. Replying to this contention, the relator, not denying the sufficiency of impropriety of motive as an objection to the demand for inspection, claims the charge made in the return is not sufficiently pleaded, because of its generality and meagerness of inculpating facts.

That the relator may suspect right in himself of a cause of action against the corporation or some of its agents and may find revelation thereof in the records or documents inspection whereof is sought, is not inconsistent with his right of inspection, because it does not relieve him from duty as a director, nor excuse non-performance thereof. As such, he is a trustee of the property and interests of the corporation and entitled to full and complete information as to its affairs, to the end that he may be able properly to execute his trust. An interest hostile to the corporation does not bar a director's right of inspection. *People ex rel.* v. *Central Fish Co.*, 101 N. Y. Supp. 1108.

The charge of purpose to obtain information for disclosure to rivals or competitiors in the business in which the company is engaged is entirely too general and indefinite. It is founded upon mere information and belief, without a single specification of fact. No interest in any rival concern is charged or shown, nor is any such concern specified, named or suggested. The name of no alleged informant is given or indicated. A legal right ought no more to be withheld, upon such an allegation, than property should be seized under an attachment issued upon an indefinite and general charge of fraud, unless authorized by a statute.

It remains only to inquire whether, in the exercise of his right of inspection, a director is entitled to the assistance of an agent or attorney, having no adverse interests or connections, rendering his employment therein improper. An affirmative answer is given by the authorities. *People ex rel.*

v. *Columbia Paper Bag Co.*, 92 N. Y. Supp. 1084. Reason accords with authority. A director needs the same kind of assistance from specialists in law, accounting and mechanical and scientific matters, in the exercise of this right, as are requisite to an efficient investigation pertaining to his individual business, and he is clearly entitled to whatever he needs to make his investigation full, complete and intelligent.

Perceiving no error in the judgment, we affirm it.

*Affirmed.*