EDWARD NOLAN *et al. v.* GUARDIAN COAL AND OIL COMPANY

(No. 8604)

Submitted October 12, 1937. Decided December 14, 1937.

*W. S. Wysong* and *Lively & Lively,* for appellant.

RILEY, JUDGE:

Edward Nolan, an alleged director and vice-president of the Guardian Coal & Oil Company, a corporation, and Willard J. Thomas, an alleged stockholder, filed their

bill of complaint against the corporation praying (1) that a receiver be appointed to preserve its property in *statu quo* pending litigation; and (2) that it be required to furnish a true and correct list of all the present stockholders, or, in the alternative, to institute suit to compel the custodian of said list to deliver the same at the corporation's principal office in Webster county. From a decree appointing a special receiver, the defendant corporation prosecutes this appeal.

The bill of complaint details a number of unsuccessful efforts on the part of the plaintiff Nolan to obtain a list of the stockholders, and also a recital to the effect that the circuit court of Kanawha County, under Code 1931, 11-12-77, had theretofore suspended defendant's charter for failure to pay the 1935 license tax due the State, and appointed William T. Lively, receiver.

The order filing the foregoing pleading, after decreeing a continuance to a later day to enable counsel to make up and join the issues, and to enable plaintiff to give notice to Lively, recites, "and it is stipulated by counsel and upon such stipulation ordered that a list of the present stockholders with their addresses be filed with the Court by mailing the same to the Judge thereof at Sutton, West Virginia."

A demurrer to the bill of complaint charging, among other things, that the bill disclosed no equity in the parties plaintiff, was filed on the adjourned date, and later overruled. And, shortly thereafter, two answers were tendered in the corporation's behalf, one by John M. Hoover, its president, and the other by Walter T. Stock, its secretary. The first answer was ordered filed, and plaintiff replied generally and thereupon, issue was joined. The second answer was never filed. The printed record contains copies of many letters and other papers which were never formally made a part of the record, and therefore, merit no consideration on this appeal. Sufficient it is to say that this cause was heard solely upon the bill of complaint, the answer of the defendant corporation filed by its president, and the reply thereto. The order appointing a receiver provides that the ap-

pointment is subject to the rights of the Kanawha county receiver.

It is the contention of the appellant herein that the trial chancellor erred (1) in appointing a receiver, in view of the averments in the pleadings relative to a prior appointment by the circuit court of Kanawha County; and (2) in overruling the demurrer to the bill of complaint.

Our primary question is whether or not the bill is sufficient to invoke the aid of a court of equity.

It is well settled by the decisions in this state that a suit in equity does not lie for the sole purpose of appointing a receiver. Code 1931, 53-6-1, 2; *Rainey* v. *Freeport Smokeless Coal & etc. Co.*, 58 W. Va. 424, 52 S. E. 528; *Baltimore Bargain House* v. *St. Clair, Trustee*, 58 W. Va. 565, 52 S. E. 660; *Ward* v. *Hotel Randolph Co.*, 65 W. Va. 721, 63 S. E. 613; *Meyers Bros.* v. *Harman Bros.*, 78 W. Va. 460, 89 S. E. 146; 1 Carlin's Hogg's Eq. Proc. 985, sec. 762. "A receiver may only be appointed in a pending case. A suit does not lie for the sole purpose of appointing a receiver; but the court must have jurisdiction of the suit on some other ground, before it can make the appointment." Syl. 8, *Baltimore Bargain House* v. *St. Clair, Trustee, supra.*

The only other relief sought is access to the list of the stockholders of the corporation and their respective addresses. Is this a matter of equity cognizance?

In the United States, it is generally held that a stockholder cannot maintain a bill in equity to enforce merely his right to inspect the books or documents of the corporation, whether the right itself be conferred by statute, or by regulations of the company, or exists at common law. *Maeder* v. *Buffalo Bill's Wild West Co.*, 132 Fed. 280; *Coquard* v. *National Linseed Oil Co.*, 171 Ill. 480, 49 N. E. 563; *Stettauer* v. *New York, etc., Const. Co.*, 42 N. J. Eq. 46, 6 Atl. 303; *Fuller* v. *Alexander Hollander & Co.*, 61 N. J. Eq. 648, 47 Atl. 646, 648, 88 Am. St. Rep. 456. In other words, mandamus and not injunction is the proper remedy. *Brown* v. *Crystal Ice Co.*, 122 Tenn. 239, 122 S. W. 84, 19 Ann. Cas. 308. See 5 Fletcher, Cyclopedia Corporations, sec. 2251; 6 Thomp-

son on Corporations (3rd Ed.), section 4551; 2 Machen, Modern Law of Corporations, sec. 1112. This court has recognized the propriety of a proceeding by mandamus to compel officers of a private corporation to allow one of its directors to inspect its books, papers, records and correspondence. *State ex rel. Aultman* v. *Ice et al.*, 75 W. Va. 476, 84 S. E. 181, L. R. A. 1915D, 288. And, ordinarily, equity will not entertain a party when the law provides him an adequate remedy for his grievance. *Modern Show Case, etc., Co.* v. *Todd*, 103 W. Va. 490, 492, 138 S. E. 116. In the *Brown* case, the Tennessee court observes that, as ancillary to other equitable relief, it seems that the court may, on motion, order the officers of the corporation to permit the stockholder to inspect the books of the corporation. And in *Fuller* v. *Alexander Hollander & Co.*, *supra*, in referring to the same matter, the New Jersey court said: "The inherent jurisdiction of the court of chancery to compel the production, for inspection, of books and papers, whether of an individual or a corporation, is confined to cases where the same are evidential in a cause pending in the court (*Lawless* v. *Fleming*, 56 N. J. Eq. 815, 40 A. 638), and cases arising under a bill filed for relief as well as discovery, or under a bill filed for discovery only, in aid of a prosecution or defense in litigation, pending or contemplated."

But, say the appellees, the appellant may not now challenge the court's jurisdiction in view of the stipulation, in the order filing the bill of complaint, that a list of the present stockholders be filed, etc. In this they lose sight of the well-established rule that jurisdiction cannot be conferred on a court of equity by consent of the parties. *Freer* v. *Davis, etc.*, 52 W. Va. 1, 2, 43 S. E. 164, 59 L. R. A. 556, 94 Am. St. Rep. 895; *Sprinkle* v. *Duty*, 54 W. Va. 559, 46 S. E. 557.

Being of the opinion that there is nothing in the bill of complaint giving equity jurisdiction, the decree complained of is reversed, and the bill dismissed.

*Reversed; bill dismissed.*