STATE OF WEST VIRGINIA *ex rel.* FAY M. HENSON

*v.*

TRUMAN E. GORE, COMMISSIONER, *etc., et al.*

(No. 12587)

Submitted September 7, 1966. Decided October 11, 1966.

*Avey & Steptoe, Robert M. Steptoe,* for relator.

*C. Donald Robertson,* Attorney General, *Thomas P. O'Brien,* Assistant Attorney General, for respondents.

CALHOUN, JUDGE:

In this original proceeding in mandamus by Fay M. Henson, petitioner, against Truman E. Gore, Commissioner of the Department of Finance and Administration, L. L. Vincent, Commissioner of the Department of Welfare, and Denzil L. Gainer, Auditor of the State of West Virginia, respondents, the petitioner seeks to require payment to her of the sum of $1,170 representing a balance alleged to be owing for rent of office space in a certain building owned by her in the City of Martinsburg.

The case was submitted to the Court for decision upon the mandamus petition with exhibits, an answer with exhibits, a demurrer to the petition, a reply to the answer and upon briefs of counsel for all parties. No disputed issues of fact are involved.

On May 25, 1965, and prior to that date, the office space in question was occupied by the Department of Welfare under a rental agreement previously made with the petitioner. On that date the petitioner, as lessor, entered into the written lease agreement in

question in this case with the State of West Virginia, by Truman E. Gore, Commissioner of the Department of Finance and Administration, as lessee. The lease covered the period of the ensuing fiscal year, July 1 to June 30, inclusive. The lease agreement provided that the leased office space was to be occupied by the Department of Welfare and to be paid for at the rate of $235 a month, payable on the first day of each month for the preceding month.

The rent was fully paid pursuant to the lease agreement for the period of July 1, 1965 to December 31, 1965, inclusive. No rent was paid to the lessor for the remaining six months period of the lease. For this remaining period, the petitioner as lessor asserts in this proceeding a claim of unpaid rent amounting to $1,410, subject to a credit of $240 received by the petitioner from an individual to whom she leased a portion of the office space in question after it was vacated by the Department of Welfare. The petitioner's actual claim, therefore, is in the amount of $1,170.

On November 18, 1965, Truman E. Gore, in his official capacity, sent a letter to the petitioner in which he stated that the lease would be terminated by the lessee as of December 31, 1965, for the reason that more office space was needed by the Department of Welfare. In subsequent letters to the lessor's attorney, Commissioner Gore undertook to justify the proposed termination of the lease by reason of a certain provision of the lease agreement. Apparently this contention in behalf of the lessee has now been abandoned.

The petition alleges that the sum of $1,170 is ''due and payable'' to the petitioner as lessor. The respondents' answer, duly verified by the oath of each of them, admits the correctness of the allegation of the petition in this respect. The brief filed in behalf of the respondents states that the respondents do not contend that the lease is invalid and that ''there is no contention by respondents that petitioner is not en-

titled to the rent for the second half of fiscal year 1965-66, less the amount mitigated. * * *." The brief states further that there is "no doubt that petitioner is in need of redress" and that "the Legislature has provided the remedy for a claim against the State for these situations."

While apparently admitting the correctness and justness of the petitioner's claim and that it could have been paid lawfully during the 1965-66 fiscal year, the answer and brief filed in behalf of the respondents take the position that the Court cannot now require payment of the claim in this proceeding by reason of the provisions of Code, 1931, 12-3-12, as amended, and 12-3-17, which will be referred to in more detail subsequently in this opinion.

For the 1965-66 fiscal year, the legislature made an appropriation to the Department of Welfare in ten separate categories, including personal services, current expenses, equipment, etc. Chapter 11, Acts of the Legislature, Regular Session, 1965. Rent was paid to the lessor from the money appropriated to the department for current expenses. At the end of the fiscal year, June 30, 1966, the sum of $24,217.43 of the total appropriation for the department remained unexpended, but only $29.57 of the sum appropriated to the department for current expenses remained unexpended. Code, 1931, 5-4-12, provides that the board of public works may, at the request of the executive officer of a spending unit, "transfer amounts between items of the total appropriation for [the] spending unit in order to protect or increase the efficiency of the service." Perhaps the funds in the current expense item could have been supplemented prior to the end of the fiscal year by having funds transferred in the manner authorized by the statute. The fact remains, however, that the unexpended balance in the current expense fund at the end of the fiscal year was grossly insufficient to pay the petitioner's bill for rent.

The respondents rely upon the following language of Code, 1931, 12-3-17, to support their contention that the petitioner's bill for rent cannot now be paid lawfully from funds of the Department of Welfare: "* * * It shall be unlawful for any state board, commission, officer, or employee to authorize or to pay any account or bill incurred during any fiscal year out of the appropriation for the following year, unless a sufficient amount of the appropriation for the fiscal year during which the liability was incurred was canceled by expiration or a sufficient amount of the appropriation remained unexpended at the end of the year: * * *." Another provision of the same statute will be referred to and applied subsequently in this opinion. The respondents also rely upon the following language of Code, 1931, 12-3-12, as amended: "Every appropriation which is payable out of the general revenue, or so much thereof as may remain undrawn at the end of the year for which made, shall be deemed to have expired at the end of the year for which it is made, and no warrant shall thereafter be issued upon it: Provided, however, that warrants may be drawn during a period of thirty days after the end of the year for which the appropriation is made if the warrants are in payment of bills for such year and have been encumbered by the budget office prior to July first; * * *."

The language of the two statutes quoted immediately above clearly demonstrates that the respondents cannot at this time lawfully pay or authorize the payment of the petitioner's claim. A sufficient amount of the appropriation of funds for current expenses of the department to pay the claim did not remain unexpended at the end of the 1965-66 fiscal year. No warrant was drawn upon any unexpended funds during the period of thirty days after the end of the fiscal year for which the appropriation was made; and it does not appear that any unexpended funds were encumbered by the budget office prior to July 1, 1966.

We are of the opinion that the relief sought by the petitioner must be denied for an additional reason. Counsel for the respondents have relied upon and have quoted in their brief a portion of Code, 1931, 12-3-17, as has been stated previously in this opinion, but they have not quoted or relied upon the first sentence of that statute which is as follows: "It shall be unlawful for any state board, commission, officer or employee to incur any liability during any fiscal year which cannot be paid out of the then current appropriation for such year or out of funds received from the emergency appropriation. * * *." In considering this statutory language, we must bear in mind that the lease agreement involved in this case was executed on May 25, 1965, and that it undertook to require payment of rent to the lessor from the appropriation for the ensuing fiscal year. In construing this statute in the recent case of *State ex rel. Point Towing Co. v. McDonough et al.*, 150 W. Va. 724, 149 S. E. 2d 302, the Court held to be invalid a written contract made in one fiscal year in behalf of the State of West Virginia by the Department of Natural Resources for the purchase of a towboat on July 1 of the ensuing year to be paid from the appropriation to the Department of Natural Resources for the latter fiscal year.

The *Point Towing Company* case cites and quotes with approval certain language from *Shonk Land Co. et al. v. Joachim et al.*, 96 W. Va. 708, 123 S. E. 444, which case involved a statute now appearing in amended form as Code, 1931, 11-8-26. This statute places similar restrictions upon local fiscal bodies such as county courts, boards of education and municipal councils. The historical development of this latter statute was discussed, and decisions of this Court dealing with it were reviewed and applied in *Edwards v. Hylbert*, 146 W. Va. 1, 118 S. E. 2d 347.

The statute pertaining to state boards, commissions, officers and employees, the similar statute relating to local fiscal bodies, and the numerous decisions of this

Court in which these statutes have been considered and applied disclose a long-standing and firm policy of prohibiting acts of incurring in one fiscal year liabilities to be paid from the appropriations or levies making funds available for a subequent fiscal year. The lease agreement involved in this case was made during the 1964-65 fiscal year and undertook to bind a state agency to pay rent from the appropriation for the 1965-66 fiscal year. We are of the opinion that the lease agreement, in this respect, was made in contravention of Code, 1931, 12-3-17, and that, therefore, the lease is invalid and its provisions are unenforceable against the lessee.

In *State ex rel. Campe v. Board of Education of Loudon District, Kanawha County, et al.*, 94 W. Va. 408, 118 S. E. 877, the Court held that the legislature had the lawful power, by statutory enactment, to exempt certain types of contracts from the operation of the statute and that the legislature had in fact enacted a statute which authorized boards of education to enter into contracts in one fiscal year for employment of school teachers and for payment of teachers' salaries from the proceeds of the levy for the next succeeding fiscal year. We are not aware of any statute which has the effect of exempting from the operation of Code, 12-3-17, a contract such as that involved in this case.

By Chapter 49, Acts of the Legislature, Regular Session, 1965, there was enacted Article 5 of Chapter 5A Code, 1931, as amended. This statute authorizes and empowers the Commissioner of the Department of Finance and Administration to lease, in the name of the state, office space for any department, agency or institution of state government, but the language of the statute does not exempt such leases from the operation of Code, 1931, 12-3-17.

Section 8 of Article X of the Constitution of West Virginia prohibits local levying bodies from becoming

indebted in any manner, for any purpose, to an amount, including existing indebtedness, exceeding five per centum of the value of the taxable property. This Court has held that a contract for purchase of light or water for public purposes over a period of years does not violate that constitutional provision, provided the payments due for the first year under the contract could be made from the current levy. *Appalachian Electric Power Co. v. State Road Commission of West Virginia,* 117 W. Va. 200, 185 S. E. 223; *Allison et al. v. City of Chester et al.,* 69 W. Va. 533, 72 S. E. 472; *Water Co. v. Town of Welch,* 64 W. Va. 373, 62 S. E. 497. See also 64 C.J.S., Municipal Corporations, Section 1852b, page 374.

In *Huntington Water Corp. v. City of Huntington,* 115 W. Va. 531, 177 S. E. 290, it was held, in line with cases cited immediately above, that a contract made by the municipality for the purchase of water over a period of years for public purposes did not violate the statute which made unlawful any contract by a local fiscal body involving the levy of a succeeding fiscal year. We are not aware of any prior decision of this Court, however, which relieves from the operation of the statute a contract such as that involved in this case.

The respondent state officials cannot now lawfully pay or authorize the payment of the petitioner's claim. Mandamus is a proper remedy to require a public official to perform a nondiscretionary legal duty but mandamus can never be used to compel a public official to perform an unlawful act. *State ex rel. Point Towing Co. v. McDonough et al.,* 150 W. Va. 724, 149 S. E. 2d 302.

For reasons stated in this opinion, the relief prayed for is denied.

*Writ denied.*