STATE *ex rel.* ED COOKE, *Sheriff of Boone County, West Virginia*

*v.*

DELANO JARRELL, *et al., Members of County Court of Boone County, West Virginia*

(No. 12982)

Submitted September 2, 1970.    Decided October 27, 1970.

Dissenting Opinion November 6, 1970.

*P. W. Hendricks,* for relator.

*Mat D. Bouldin,* Prosecuting Attorney, for respondents.

CAPLAN, JUDGE:

In this original proceeding in mandamus the petitioner, Ed Cooke, Sheriff of Boone County, seeks to compel the respondents, Delano Jarrell, Cledith Halstead and Robert Rogers, as members of the County Court of Boone County, to pay certain sums of money which he alleges to be due and owing to his deputies and employees as supplemental salaries. Upon the petition this Court issued a rule returnable September 2, 1970, on which date the matter was submitted for decision upon said petition and its exhibit, the demurrer and answer of the respondents with exhibits, the reply of the petitioner to the answer and upon the arguments and briefs of counsel for the parties.

It is alleged in the petition that the petitioner, on June 26, 1970, filed a supplemental payroll requesting the County Court of Boone County to pay supplemental salaries for the month of June, 1970, to certain of his deputies. The petitioner further alleges that such salaries are to be paid from the amount remaining in the sheriff's budget which was approved by the county court for the fiscal year 1969-1970; that the reason for the supplemental pay is that the deputies performed additional duties because of the absence of a former deputy; and that the respondents refused to make such payments, which refusal is arbitrary. By reason thereof, the petitioner seeks this writ.

In their demurrer the respondents assert that the petition is not sufficient in law because the county court was not made a party to this proceeding; that the petition is too vague to entitle the petitioner to any relief; and that in refusing to

honor the petitioner's request the respondents "exercised their judgment in the matter, and, therefore, have not refused to perform any duty which they are or might be by law compelled to perform."

The respondents' answer says that the supplemental payroll was not filed by the petitioner until 1:56 P.M. on June 26, 1970, the county court having adjourned its session at twelve o'clock noon on that day. Therefore, they allege that the paper filed by the petitioner was not considered until July 1, 1970, their next regular session; that there is no balance remaining in the sheriff's account; that the county is without funds with which to make the requested payments; that the deputies and employees had been paid their full June, 1970 salaries on June 24, 1970; and that the county general funds show a deficit in the amount of $2,223.68.

The contention of the respondents that the petition is fatally defective because the County Court of Boone County was not made a party to this proceeding is without merit. The respondents are made parties to this action in their official capacity as members of the county court. No relief is sought against them individually. They are in fact the county court and as such perform the duties thereof. It is not, therefore, fatal to this action to have omitted the county court as a party. See *State ex rel. Aultman v. Ice*, 75 W.Va. 476, 84 S.E. 181.

The basic question presented here is whether the petitioner has shown a clear legal right to the payment of supplemental salaries for his deputies and a clear legal duty on the part of the respondents to make such payment. Such showing must be made to support the granting of a writ of mandamus. *American Industrial Leasing Company v. McElroy*, 152 W.Va. 587, 165 S.E.2d 617; *State ex rel. Waller Chemicals, Inc. v. McNutt*, 152 W.Va. 186, 160 S.E.2d 170; *State ex rel. Zagula v. Grossi*, 149 W.Va. 11, 138 S.E.2d 356.

The rights and duties of the parties hereto, in relation to compensation paid to the employees of a sheriff, are governed by statute. It is provided in Code, 1931, 6-3-1 (a) (5), as amended, that a sheriff and his deputies shall receive for the

performance of their duties only that compensation provided and paid out of public funds in the manner provided by law. The manner in which deputies of a sheriff are appointed and their compensation fixed is provided in Code, 1931, 7-7-7, as amended, the pertinent parts of which read as follows:

"The sheriff, clerk of the county court, clerk of the circuit court, clerk of the criminal, common pleas or intermediate courts, on or before March first of each year, shall file with the county court, * * * a detailed statement of the probable amount necessary to be expended for deputies, assistants, and other employees * * * in the following fiscal year. * * * The county court * * * shall not later than March twenty-eighth, take up and consider the same and shall determine and fix an aggregate sum to be expended for the period covered by such statement for the compensation of all such deputies, * * * regard being had to the amount of labor necessary to be performed by those to receive the compensation * * *.

"The officers herein named shall appoint and employ such deputies, assistants and other employees in the manner provided by law, as may be necessary for their respective offices and fix their compensation, and shall file with the clerk of the county court, * * * a statement in writing showing such action and setting forth the name of each deputy, assistant and employee, the time for which employed and the monthly compensation; but the compensation for all deputies, assistants and other employees shall not exceed in the aggregate, for each office, the amount so fixed for that office as hereinbefore provided."

The above-quoted statute gives to a county court the final determination in relation to the aggregate sum to be expended for the salaries of a sheriff's deputies. If that body believes that the amount submitted by the sheriff for the payment of such salaries is excessive, it may refuse to approve his budget. In that event the sheriff would be obligated to reduce the overall amount by reducing the number of deputies or reducing their proposed salaries.

The sheriff, by virtue of the above statute, is also given certain authority. He is authorized to fix the amount of compensation to be paid to each deputy. This authority is unlimited

so long as the compensation for all of the sheriff's deputies and other employees does not exceed the aggregate amount approved by the county court for that purpose.

An examination of Code, 1931, 7-7-7, as amended, reveals that it is the sheriff who appoints his deputies and fixes their compensation, not the county court; that the county court has control as to the aggregate amount to be expended on such compensation; and that the sheriff may not, in the payment of his deputies, exceed the aggregate amount approved by the county court for that purpose. It is quite apparent that the legislature intended to and did give the county court the authority to limit the amount of county funds to be expended on the sheriff's office for salaries. Once that amount is determined, the manner in which such funds are distributed is left entirely in the hands of the sheriff. As herein noted, the only statutory limitation is to expend for salaries no more than the amount approved by the county court.

The respondents contend that the county treasury is exhausted and that no funds remain with which the requested payments can be made. Therefore, relying on Code, 1931, 11-8-26(4), as amended, they say they are precluded from paying such supplemental salaries. That statute, where pertinent, provides that the county court shall not expend money in excess of the funds available for current expenses. This provision does not apply to the aggregate sum approved by the county court for expenditure by the various officers named in Code, 1931, 7-7-7, as amended. When the county court approves an overall sum to be expended by the sheriff for salaries of his deputies and employees that sum must remain available and cannot, after such approval, be reduced by the court. See *State ex rel. Henson v. County Court of Putnam County*, 93 W.Va. 316, 116 S.E. 704. The sheriff may rely on the approved amount and if the county court overspends so as to take funds from that allocated to the sheriff it must be responsible for any shortage in the sheriff's approved budget.

It is further urged by the respondent that the request for supplemental salaries was not considered by the county court

until after the end of the fiscal year and that it could not therefore properly comply with the petitioner's request. According to the exhibit filed with the petition the request by the petitioner was filed in the office of the Clerk of the County Court of Boone County on Friday, June 26, 1970. It was therefore timely filed for consideration by the county court within the fiscal year. See *State ex rel. Henson v. County Court of Putnam County*, 93 W.Va. 316, 116 S.E. 704.

While the respondents readily admit that the sheriff has complete control over his own budget within the limits fixed by the county court, they contend that the amount sought in this proceeding would constitute a bonus for each deputy and other employee listed on the request for payment. Certainly there is no provision in our law for the payment of bonuses to public employees. However, the sheriff alleged in his petition, and it is undisputed by the respondents, that the absence of a deputy for several months placed additional duties on those remaining and that they were therefore entitled to additional compensation. There is nothing in the pertinent statutes which precludes the sheriff from granting a raise to his employees or from making a payment such as that here requested, so long as he does not exceed the amount approved by the county court. In fact, as herein noted, the sheriff is specifically authorized to fix the compensation of his employees, the only limitation being that noted above.

Inasmuch as the sheriff is seeking to expend only that amount which the county court, in accordance with the provisions of the Code, 1931, 7-7-7, as amended, has approved for such expenditure, he has a legal right to the relief sought and the respondents, as members of the county court, are under a legal duty to honor his request and to make such payment. This in no way invades the discretionary powers of the county court to fix the aggregate sum to be expended by the sheriff. If such discretion were involved mandamus would not lie. *State ex rel. Canterbury v. The County Court of Wayne County*, 151 W.Va. 1013, 158 S.E.2d 151.

For the reasons stated herein the writ prayed for is awarded.

*Writ awarded.*

CALHOUN, JUDGE, dissenting:

Respectfully, I dissent. While I am troubled by various aspects of the majority opinion, perhaps my disagreement may be summarized by an assertion of my belief that the Court's decision is unwarranted by any pertinent statutes; it is lacking in a precedent among the prior decisions of this Court; it opens a broad, unrestricted avenue for abuse and for a waste of public funds by unscrupulous county officials; and it requires the county court to perform an unlawful act.

We should be mindful of the fact that the Court's decision in this case, under the provisions of Code, 1931, 7-7-7, as amended, is applicable, not only to sheriffs, but also to clerks of county courts, circuit courts, criminal courts, common pleas courts and intermediate courts, and to the deputies, assistants and other employees of all such public officials. Apparently, by reason of the provisions of Code, 1931, 11-2-2, as amended, the Court's decision in this case applies also in all respects to county assessors and to their deputies, assistants and other employees. The decision, therefore, is one of serious import to county courts as fiscal bodies and to taxpayers of all counties of the state.

I am unable to discern from the majority opinion whether the determinative factor in the decision is the alleged fact "that the deputies performed additional duties because of the absence of a former deputy" as stated in the Court's opinion, or whether, on the other hand, the decision is predicated on a legal proposition that the sheriff had an absolute, unrestricted right to require the county court to accede to his demand that a balance alleged to be remaining at the end of the fiscal year in the fund budgeted for payment of salaries of the sheriff's deputies, assistants and other employees be distributed in the ensuing fiscal year among such persons, in such amounts and proportions as might be determined by the sheriff.

Assuming that the Court has predicated its decision, in whole or in part, on the alleged fact "that the deputies performed additional duties because of the absence of a former

deputy," I deem it pertinent to note that the Court has required the county court to pay "additional compensation" or a "supplemental salary" for the month of June, 1970, to each of four jail employees as follows:

| | |
|---|---:|
| Albert Ball, Chief Jailer, | $ 430.00 |
| Hansford Jarrell, Assistant Jailer, | 430.00 |
| Clarence Weaver, Assistant Jailer, | 430.00 |
| Harold Ray Hall, Cook at Jail, | 430.00 |
| Total | $1720.00 |

So far as I can determine, it is not explained at any place in the record how "the absence of a former deputy" could have placed any additional duties or burden on the four jail employees named immediately above. In fact, it does not appear in what manner, at what time or to what extent the sheriff's deputies, assistants or other employees were required to assume additional burdens or to perform additional services except from the following meager, vague allegation contained in the mandamus petition: "This was not considered a bonus, but due to being without a deputy for several months, said supplement being derived from the absence of a field deputy and office deputy, which placed more work on persons set forth in Document marked Exhibit 'A'." In this connection, I regard as pertinent the following undenied allegation of the answer to the mandamus petition:

"* * * that as of July 1, 1970, of the amount of $3,000.00 budgeted to the Sheriff's Office of said County for extra help nothing remained and this particular account was overdrawn and over-spent in the amount of $3,016.50, being that amount 'in the red'; * * *."

It is not made clear whether any need for extra help was caused by "the absence of a former deputy" or otherwise. It does not appear from any part of the record, so far as I can discern, that any undue burden was placed on anybody because of the absence of any deputy during the month of June, 1970, and yet the Court has directed the county court to pay additional compensation to eleven persons after their several

salaries for that month had been regularly and fully paid to them by the county court on June 24, 1970.

Following is a list of the deputies, assistants and other employees showing the monthly compensation paid to each for the month of June, 1970, and, in parentheses, the additional monthly compensation demanded of the county court for the same month:

| | | |
|---|---|---|
| Irene Wilhoit, Chief Office Deputy, | $475 | ($430) |
| Eleanor G. Nelson, Office Deputy, | $430 | ($100) |
| Boyd Jones, Field Deputy, | $483 | ($430) |
| John Thompson, Field Deputy, | $483 | ($430) |
| Bethel Miller, Field Deputy, | $483 | ($430) |
| Ralph Williams, Field Deputy, | $483 | ($430) |
| Sidney Barker, Field Deputy, | $483 | ($430) |
| Albert Ball, Chief Jailer, | $475 | ($430) |
| Hansford Jarrell, Assistant Jailer, | $430 | ($430) |
| Clarence Weaver, Assistant Jailer, | $430 | ($430) |
| Harold Ray Hall, Cook at Jail, | $325 | ($430) |

The Court's opinion contains the following statement: "There is nothing in the pertinent statutes which *precludes* the sheriff from granting a raise to his employees or from making a payment such as that here requested, so long as he does not exceed the amount approved by the county court." (Italics supplied.) In my opinion, the authority of the sheriff in relation to expenditure of public funds of the county must arise from an affirmative statutory authorization, and not merely from absence of a statutory negation or prohibition of that authority. I find no language in Code, 1931, 7-7-7, as amended, which affirmatively authorizes, either expressly or by reasonable implication, the unusual action of the sheriff in this case.

A portion of the statute herein involved requires the sheriff to prepare and file with the county court a detailed statement of the probable amount necessary "to be expended" for his deputies, assistants and other employees during "the following fiscal year." The county court is required by the statute to consider and act upon such budgetary proposal "not later

than March twenty-eighth." The statute further requires the sheriff to appoint and to employ such deputies, assistants and other employees as may be necessary, to "fix their compensation," and file with the clerk of the county court a statement in writing showing such action, setting forth the name of each deputy, assistant and employee, the time for which employed "and the monthly compensation." Presumably all such provisions were complied with in this case. I find in the statute no basis of authority in the sheriff, in a retroactive manner, to fix additional monthly compensation for services previously rendered.

Each deputy, assistant and other employee involved in this case was properly paid "the monthly compensation" duly fixed and prescribed for the entire period of the ensuing fiscal year, including the specified "monthly compensation" for the month of June, 1970, the last month of the fiscal year in question. Such salaries having been duly and regularly paid and received for the entire fiscal year, I find no semblance of any statutory authority for the sheriff thereafter to pay any additional "monthly compensation" to any of his deputies, assistants or other employees; and I find no statutory duty or authority on part of the county court to pay such additional "monthly compensation," particularly inasmuch as the record discloses that the county court had no remaining funds for the 1969-70 fiscal year from which to pay such additional compensation.

It seems clear to me that Code, 1931, 7-7-7, as amended, clearly contemplates future rendition of services by deputies, assistants and other employees of a sheriff on the basis of the "monthly compensation" previously fixed by the sheriff in the manner prescribed by the statute.

The respondents' answer to the mandamus petition alleges that the county court met in an adjourned session on June 26, 1970, at nine o'clock a.m. and adjourned at twelve o'clock noon; that at 1:56 p.m. of that day, the sheriff presented to Cledith Halstead, one of the respondents in this case, the request in writing for additional compensation and that the sheriff appeared before the county court at a regular meeting

held on July 1, 1970, and that the "supplemental payroll was filed with said Court on July 1, 1970, and not before." It is clear that the request was not presented to the county court as such until July 1, 1970.

The county court was not required to adopt the amount proposed by the sheriff to be expended for the salaries of his deputies, assistants and other employees for the 1969-70 fiscal year. *State ex rel. Canterbury v. The County Court of Wayne County*, 151 W.Va. 1013, 158 S.E.2d 151. However, the county court apparently did adopt the aggregate amount suggested by the sheriff as a part of the budget for the fiscal year in question. I agree that the sheriff had the right, in conformity with pertinent statutory provisions, to fix the amount of the monthly compensation to be paid during the ensuing fiscal year to each of his deputies, assistants and other employees. The correctness of that legal proposition is not questioned by the respondents and is not involved in a proper decision of this case.

The case of *State ex rel. Henson v. County Court of Putnam County*, 93 W.Va. 316, 116 S.E. 704, is in no sense a precedent for the validity of the unusual situation involved in this case. The action demanded by the sheriff and required by the Court in this case is, in my opinion, without precedent among all prior decisions of this Court.

In the *Henson* case to which I have referred and which is cited in the Court's opinion, the clerk of the county court, pursuant to the provisions of Barnes' Code, 1923, Chapter 137, Section 40, had filed with the county court, prior to December 1, 1922, an estimate of the amount necessary to compensate his deputies and assistants for the ensuing "calendar year." In other respects, the provisions of that statute were similar to the provisions of the statute involved in the present case. The county court, for reasons stated in the opinion in the *Henson* case, refused to pay the salaries fixed by the clerk for his deputies. By mandamus, the clerk sought to require the county court to pay such salaries for the month of January, 1923, and for subsequent months of that calendar year. This Court granted the relief prayed for in relation to the month

of January but declined to grant relief for subsequent months in relation to which salaries had not accrued. A pertinent portion of the fifth point of the syllabus in the *Henson* case is as follows: "Where * * * salaries have accrued to such deputies for their services which the county court refuses to pay, mandamus will lie to compel the county court to issue drafts for the payment thereof." In the instant case, as has been stated previously, the county court paid regularly and in full all the salaries which had been fixed by the sheriff according to law and which had accrued for the entire fiscal year.

It is alleged by the respondents in their answer, and it is undenied, that nothing remained in the general levy fund of the county on July 1, 1970, the date of the commencement of a new fiscal year. The Court in its opinion treats this fact as one of no moment because of the alleged fact that the amount allowed in the 1969-70 budget for operation of the sheriff's office had not been fully exhausted. It is my opinion that the county court, in the circumstances, was prohibited by Code, 1931, 11-8-26, as amended, from paying the sums demanded by the sheriff when no funds remained for that purpose at the end of the fiscal year. That statute provides that a local fiscal body shall not expend money or incur obligations:

(1) In an unauthorized manner;

(2) For an unauthorized purpose;

(3) In excess of the amount allocated to the fund in the levy order;

(4) In excess of funds available for current expenses.

Section 27 of the same chapter and article of the Code provides that any "indebtedness created, contract made, or order or draft issued in violation" of Section 26, quoted immediately above, "shall be void." Section 28 provides that, whenever a fiscal body shall expend money in violation of the provisions of Section 26, "suit shall be instituted by the prosecuting attorney * * * or the attorney general * * * to recover the money expended or to cancel the obligation, or both." Section

29 provides, in substance, that commissioners of a county court may be held personally liable, jointly and severally, for money expended in violation of the statute in question; and Section 31 provides for a criminal penalty, of fine or imprisonment or both, for violation of that statutory inhibition.

It appears obvious to me that this Court has required the county court to pay, from funds of the 1970-71 fiscal year, obligations which are alleged to have been incurred during the preceding fiscal year. There is no other source available for payment of the salaries the Court has directed the county court to pay. "A public officer cannot by mandamus be compelled to perform an unlawful act." *State ex rel. Henson v. Gore,* 151 W.Va. 97, pt. 3 syl., 150 S.E.2d 575.

The Court's decision in this case is authority for the proposition that if, at the end of a fiscal year, a sheriff, or any other officer similarly situated, has not fully expended the sum allowed by the county court in the budget for that fiscal year for payment of the monthly compensation of the deputies, assistants and other employees of such a county officer, he has an absolute right to distribute all of such remaining balance, however great, among his deputies, assistants and other employees, in such proportions as he in his discretion may determine or choose; that he may do this in a retroactive manner on the basis of services alleged to have been performed theretofore; that the absolute right of such county officer to do so cannot be controlled or limited by the county court, by a circuit court or by this Court, in any manner or to any extent; and that a court by mandamus may require the county court to pay all such sums, even though all funds available for that purpose for the fiscal year have been completely exhausted.

For reasons I have undertaken to express, I respectfully dissent.

I am authorized to state that Judge Browning concurs in the views expressed in this dissenting opinion.