190 S.E.2d 483 (1972)
STATE ex rel. The BOARD OF EDUCATION OF the COUNTY OF KANAWHA, etc.
v.
E. M. JOHNSON, Sheriff, etc., et al.
No. 13210.
Supreme Court of Appeals of West Virginia.
Submitted June 21, 1972.
Decided July 25, 1972.
*484 Campbell, Love, Woodroe & Kizer, John O. Kizer, David A. Faber, Charleston, for relator.
Philip G. Terrie, Charleston, for respondent E. M. Johnson.
Larry W. Andrews, Charleston, for respondent Kanawha County Court.
CAPLAN, Judge:
In this original proceeding in mandamus the petitioner, The Board of Education of the County of Kanawha, a corporation, seeks to compel the respondent, E. M. Johnson, Sheriff and Treasurer of Kanawha County, to perform certain hereinafter specified statutory duties and to require the respondent, The County Court of Kanawha County, a corporation, to reimburse it "for all interest earned on all funds belonging to the petitioner and wrongfully allocated by respondent sheriff to the general expense fund of the respondent county court in violation of law".
The statutory duties of the respondent sheriff, referred to above, are contained in Code, 1931, 7-6-5, as amended, which authorizes the sheriff, as county treasurer, *485 to establish two accounts, one designated a "demand deposit account" and the other a "time deposit account". The sheriff is authorized to place the funds of the various fiscal bodies of the county, of which the petitioner is one, into the demand deposit account. When the current demands are met, the excess funds, with the written approval of each fiscal body involved, shall be transferred by the sheriff to the time deposit account. The depositories shall pay interest on the public funds in such time deposit accounts. The statute then provides: "All of such interest shall be allocated by the treasurer to each fiscal body whose funds were on deposit in such time deposit account, such allocation to be made on the basis of the amount of funds of each fiscal body in such time deposit account and the length of time each body's funds were in such account. Within ten days after receipt of the depository's report showing that interest has been credited to such time deposit account, the treasurer shall make the foregoing allocation of interest and report the same to each of the fiscal bodies whose funds are involved."
The petitioner alleges in its petition that it has requested the respondent sheriff to comply with the provisions of the foregoing statute but that the sheriff has refused to do so and that he continues to so refuse. Relying on the provisions of Code, 1931, 7-6-5, as amended, the petitioner here seeks to require the respondent sheriff to render to it an accounting for each fiscal year during his term of office beginning January 1, 1969, showing what funds belonging to the petitioner were placed on time deposit, the name of the depository or depositories where such funds were deposited and the amounts deposited in each, the length of time that such funds were so deposited, the interest paid by the depository on such accounts, the amount of interest allocated to the various funds of the petitioner, and the amount of interest realized from the investment of school funds allocated by him to the general expense funds of respondent county court.
The petitioner here further seeks to require the respondent sheriff to pay to it all interest received by him from the investment of any funds belonging to the public schools of Kanawha County and to render monthly financial statements as required by Code, 1931, 18-4-6, as amended. The petitioner also seeks reimbursement from the respondent county court as noted in the first paragraph of this opinion.
It is the position of the petitioner that Code, 1931, 7-6-5, as amended, imposes a mandatory duty on the sheriff to account for and pay to it the interest on its funds. The petitioner contends that it has shown a clear legal right to the relief sought and a corresponding duty on the respondents to perform the acts demanded.
In their answer the respondents say that by reason of the complexities involved in complying with the provisions of Code, 1931, 18-4-6, as amended, and Code, 1931, 7-6-5, as amended, it is impossible to perform as demanded by the petitioner. Furthermore, says the respondent sheriff, the latter statute is ambiguous and unworkable. As a further defense the respondents allege that the county court has already expended the demanded funds for legitimate purposes and to require payment as demanded would seriously disrupt the fiscal affairs of the county.
The essence of the respondents' defense to the demands of the petitioner is impossibility of performance. In effect, the respondent sheriff has said that it is most difficult to comply with the provisions of Code, 1931, 7-6-5, as amended, and 18-4-6, as amended, with the facilities at his disposal. He answered that "as soon as his office is fully `computerized' it may be possible to comply with the aforesaid statutory provisions and that he will endeavor to do so." The sheriff alleges that he has paid certain amounts of interest to the petitioner but has been hampered in such endeavor by the uncooperative attitude of such petitioner.
The respondent, The County Court of Kanawha County, answered that it could *486 not comply with the petitioner's demand that it be reimbursed for all interest from its funds paid by the sheriff into the county court's general expense fund for the reason that it has expended or committed all such funds for lawful and legitimate purposes and that it has no funds with which to so pay the petitioner. Therefore, says the county court, a writ of mandamus would be useless and should be denied.
The purpose of mandamus is to compel one to perform a legal duty imposed by law, but such duty must be one which he is capable of performing. Mandamus will not be granted where compliance with the mandate of the writ is impossible. 55 C.J.S. Mandamus § 14; 52 Am.Jur.2d, Mandamus, Section 37, 12 M.J., Mandamus, Section 8. However, where it is within the power of the respondent and it is his statutory duty to perform the act demanded, mandamus will issue to compel such performance. Impossibility of performance means that which cannot be done. For example, mandamus will not be awarded to compel a court reporter to furnish notes that have been lost. On the other hand, the writ will not be denied merely because of difficulty of performance of the duties prescribed by statute. This is particularly apposite where the statutory duty is mandatory.
We do not agree with the respondents' contention that the provisions of Code, 1931, 7-6-5, as amended, are ambiguous. Rather, we believe that such statute, in clear and concise language, imposes a mandatory duty upon the sheriff to allocate the interest earned under the provisions thereof to the fiscal bodies, the funds of which are on time deposit. This, the respondent sheriff failed to do, despite his clearly defined legal duty. His stated reasons for non-performance are not adequate to relieve him of such duty. In view of the prescription of the above statute and the circumstances revealed by the record of this case it is readily apparent that the petitioner has shown a clear legal right to the relief sought and a corresponding duty on the respondent sheriff to perform the acts demanded. See State ex rel. Withers v. Board of Education of Mason County, 153 W.Va. 867, 172 S.E.2d 796; State ex rel. Greenbrier County Airport Authority v. Hanna, 151 W.Va. 479, 153 S.E.2d 284; State ex rel. Zagula v. Grossi, 149 W.Va. 11, 138 S.E.2d 356.
The respondent county court's reasons for not complying with the statute (Code, 1931, 7-6-5, as amended) are likewise without merit. The circumstances of the instant case do not justify the application of the rule that mandamus will not issue where its issuance would prove fruitless and nugatory. In the instant case the county court expended funds which it did not have legal authority to expend. If such fiscal body can defend against an illegal expenditure by merely asserting that it has already spent the funds sought to be recovered, the laws regulating the disbursement of public monies would be useless and ineffective.
As a general rule, mandamus will not be used to compel a public official or a governmental agency to expend money. For example, a county court will not be compelled by mandamus to build a courthouse if it does not have the money for such purpose. That, however, is an original expenditure and not, as in the instant case, a reimbursement for funds wrongfully spent. In the words of the Court in State ex rel. Bailey v. County Court of Raleigh County, 109 W.Va. 31, 152 S.E. 784, "[w]e find no justification in the record for relieving the respondents of their plain and mandatory duty." See State ex rel. Cooke v. Jarrell, W.Va., 177 S.E.2d 214.
For the reasons stated herein, the writ of mandamus, as prayed for, will be awarded.
Writ awarded.