# James Comer, by Ann Comer, His Next Friend, v. Theodore Huston.

1. ESCAPE—*What is, Under Our Law.*—A sheriff is liable for an escape if he allows a prisoner confined on civil process, to go outside the jail, for ever so short a time, for his own ease or comfort, or for purposes foreign to the object of such confinement, for example, doing chores, and the like.

2. SAME—*The Modern Rule.*—Under the new and more enlightened system of the present day, the rule found in the older books relating to voluntary or negligent escapes of persons confined upon civil process, is practically obsolete.

3. SHERIFFS—*Duty as to Persons Confined on Civil Process.*—The sheriff must keep the debtor confined in the jail and grant him no privilege or indulgence inconsistent with his condition as a prisoner and permit no relaxation of the confinement of his person, to the end, not only that he may be at all times in the control of the sheriff, but also that such imprisonment may be actual, irksome and a service of discomfort.

4. SAME.—While the sheriff may not, as a privilege or indulgence, allow a debtor to go outside of the jail, he can not be held conclusively liable for an escape upon proof that he has taken or allowed the debtor to be so outside of the jail. He may show circumstances which induced him to so allow the debtor to be outside of the jail, and from such circumstances it is to be determined whether such absence from the jail was temporary and justifiable or an indulgence or privilege.

**Memorandum.**—Action against a sheriff for an escape. In the Circuit Court of McDonough County; the Hon. WILLIAM MARSH, Judge, presiding. Declaration in debt; plea, *nil debit;* trial by jury; verdict and judgment for defendant; plaintiff appeals. Heard in this court at the May term, 1894, and affirmed. Opinion filed June 22, 1894.

*Plaintiff's 2d, 21st and 23d instructions:*

2. If the jury find from the evidence that the defendant was the acting sheriff of the county of McDonough, and keeper of the common jail thereof, at the time when the execution or capias against the body of Samuel McGee was placed in the hands of said defendant or any deputy sheriff of his to execute, if the same was so placed in his hands, or that of any of his deputies, and that said defendant as such sheriff or any of his deputies arrested said McGee under and by virtue of said execution or capias, and that said plaintiff or his mother as his next friend on his behalf paid said defendant, as such sheriff, or his deputy or turnkey, said defendant's fees as such sheriff for receiving and committing said McGee to said jail, and his board at the time of such com-

mitment at the commencement of each week for two weeks, and that during any part of said time said defendant, or his deputy or jailer or turnkey, suffered. permitted or allowed said McGee to go outside of said jail for ever so short a time, for his own ease or comfort, or to do chores, then the plaintiff is entitled to recover in this cause, and it will be your duty to return a verdict in his favor; and it makes no difference as to the plaintiff's right to recover, even if McGee voluntarily returned to or was taken into custody again by said defendant or his deputy or turnkey.

21. If the jury believe from the evidence that said McGee, at any time after he was committed to jail under the writ read in evidence, if he was so committed, and during the time for which his board had been paid, if it had been paid, was allowed to go outside of said jail, at any one time or more, when he was not under strict guard, then the plaintiff is entitled to recover in this case, and you should find a verdict for the plaintiff.

23. If the jury believe from the evidence in this case that said Samuel McGee at any time after he was committed to jail under the writ read in evidence, if he was so committed, and during the time for which his board had been paid, if it had been paid, was allowed to and did sleep with the jailer in the debtor's room, without the same being locked or guarded, or was allowed to go into a room or rooms not a part of the jail—to wash dishes or peel potatoes, or for any other purpose—when not strictly under guard, then the defendant is liable in this case and you should find a verdict for the plaintiff.

BRIEF OF PLAINTIFF IN ERROR, L. Y. SHERMAN AND D. G. TUNNICLIFF, ATTORNEYS.

Any relaxation of the confinement of a debtor imprisoned on final execution, is a constructive escape, although the sheriff should have him within his control or in his power the whole time. 6 Amer. & Eng. Ency. of Law, p. 846, title "Escape;" Benton v. Sutton, 1 B. & P. 24; Hawkins v. Plomer, 2 W. Bl. 1048; Crocker on Sheriffs, Sec. 566; Plow. 36; 3 Co. 44; 2 Inst. 381; Rolls. Abr. 806; 2 Addison on Torts (Woods ed.), Sec. 918; Gwinn v. Hubbard, 3 Blackf. 14; Plumleigh v. Cook, 13 Ill. 669; Smith v. Hillier, Cro. Eliz. 167, 6 Bacon, tit. Sheriff, letter H, 5; Day & Whittlesey v. Brett, 6 Johns. 22; Bartlett v. Willis, 3 Mass. Rep. 86; Smith v. Hart, 2 Bay's R. 395; Burrell v. Lithgow, 2 Mass. 526; Slemaker v. Mariott, 5 Gill & Johns. 406; Latch 16 Anon. Vide 6 Bacon, Abr. 158; Style 465, cited 2 Bac. Abr. 515; Wilkinson v. Satler and Perry, Cas. tem. Hardw.

Comer v. Huston.

310; Plowden 37; Com. Dig., Escape, G; Palmer v. Hatch, 9 Johns. (N. Y.) 328; Dunford v. Weaver, 84 N. Y. 445; Cowden v. Kerr, 6 Black 280; Toll v. Alvord, 64 Barb. (N. Y.) 568; Lansing v. Fleet, 2 Jonson's Cases, 31 Amer. Dec. 142; Servis v. Marsh, 38 Fed. Rep. 794 (1889); Keim v. Saunders, 13 Atl. R. 710; 120 Pa. St. 121 (1888); Wheeler v. State (Kansas), 17 Pac. Rep. 856.

Where defendant in *ca. sa.* bond was arrested by a constable and rescued by a mob, it was held an escape. Abbott v. Holland, 20 Ga. 598.

So if the sheriff give his prisoner the keys of the prison, though he does not go without the walls, it is an escape. Wilkes v. Slaughter, 3 Hawks (Tenn.) 211.

BRIEF OF DEFENDANT IN ERROR, JACOB L. BAILY AND WILLIAM PRENTISS, ATTORNEYS.

Counsel contended that the process under which the debtor was confined was void.

It may be laid down as universally true, that whenever the process by virtue of which a party is arrested is void, no action can be supported for an escape. Abbee v. Ward, 8 Mass. 79; Tuttle et al. v. Wilson, 24 Ill. 553.

"We believe this writ void and submit our reasons, with authorities. We find no statute in this State specifically authorizing executions against the body in cases of tort, except Sec. 5, of Chap. 77, page 1385, S. & C. Stat. Ill., title, Judgments, etc., be so construed, and Sec. 83, Chap. 79, page 1463, S. & C. Stat. Ill., title, Justices and Constables. No form of *ca. sa.* is given in chapter 77, but one is given in chapter 79 (Sec. 86). This is the only form given in our statutes and there the jailer is commanded 'to receive and keep the said A B in safe custody until the said sum and all legal expenses be paid and satisfied, or until he is discharged by due course of law, and hereof make return,' etc. Where the law directs that process shall be in a specified form, such provision is mandatory and a failure in that regard will render it void." Sidwell v. Schumacher, 99 Ill. 426.

Every county has two sorts of jails, one for prisoners

taken by the sheriff for debt, and this the sheriff may appoint in any house or where he pleases.   8 Bacon, Ab. (notes by Bouvier, title H, page 680).

" A gaol is not in a place certain, but goes with the person of the gaoler."   Smith v. Hiller, Cro. Eliz. 168, cited in Viner's Abr't, title, Gaols, Vol. 14, 9.

The duty of the jailer is to keep the debtor in safe custody and not grant him indulgences, depending upon the favor of the jailer, until the debt is paid, or the debtor is otherwise discharged according to law, and if this is done it is not material where the prisoner is kept.

" Imprisonment is the restraint of a man's liberty, the restraint of a person contrary to his will.   It may be in a place made use of for purposes of imprisonment generally, or in one used only on the particular occasion, or by words and an array of force without bolts or bars, in any locality." See Bouvier's L. D., 689, and authorities there cited.

" Custody is the state of being guarded and watched to prevent escape; restraint of liberty; confinement; imprisonment."   Webster's Dic. (International), 360; see also Century Dictionary, 1412.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The plaintiff in error recovered a judgment against one Samuel McGee in the sum of $300, damages in an action of trespass for an assault and battery upon him, upon which an execution against the body of McGee was issued and delivered to the defendant in error, then sheriff of McDonough county, to execute.

The sheriff arrested McGee and committed him to the county jail on the 29th day of October, 1888.   The plaintiff in error paid the fees for arresting and committing McGee to the jail, and also paid his board weekly in advance for two weeks, but refused to pay for the third week for the reason, as plaintiff alleges, " that the sheriff did not and would not keep McGee confined in the jail."   The sheriff, because of the refusal of the plaintiff in error to pay board for the third week, discharged the debtor from custody.

Comer v. Huston.

Whereupon the plaintiff in error instituted an action of debt against the sheriff to recover damages as for an escape. A trial before a jury resulted in a verdict and judgment for the sheriff, to reverse which this writ of error is prosecuted.

The case made by the plaintiff in error is not that McGee escaped from the jail or from the custody of the sheriff within the ordinary meaning of the word, but that the sheriff voluntarily permitted him to go and be outside the jail at different times during the two weeks in question, which as counsel for plaintiff in error contend amounted to an escape in legal contemplation.

The sheriff admitted that the debtor had been taken out of the jail into the jail yard, and as the weather was cold, into the kitchen of the sheriff's residence in the same inclosure with the jail building, and was permitted by the court over the objection of the plaintiff in error to introduce testimony to show that this only occurred at times when the debtor's cell or room in the jail was occupied by a force of workmen engaged under the order and direction of the board of supervisors of the county, in placing in the jail steam heating apparatus, making it impracticable to safely confine him in that cell or room at such times; that McGee refused to permit the sheriff to incarcerate him in the cells with persons confined upon criminal charges; and that McGee was kept under close or strict guard at all times when he was so out of the jail. The admission of such testimony, and that the court instructed the jury that the facts it tended to prove, if established by a preponderance of the evidence, constituted a defense to the action, are the only exceptions necessary to be noticed.

Counsel for plaintiff in error have collected and cited in their brief quite a number of authorities bearing upon the liability and duty of sheriffs in such cases, from which the rule may readily be deduced that nothing but the act of God or the public enemy will justify a sheriff in permitting a prisoner for debt to be outside the jail, etc.

It is well said in Murfee on Sheriffs, Sec. 190, that the books abound in such cases, yet that most of this law is

under the new and more enlightened systems of the present day practically obselete.

The duty of a sheriff, as we are disposed to declare the law now to be, is that he shall keep such debtor confined in the jail and grant him no privilege or indulgence inconsistent with his condition as a prisoner, and permit no relaxation of the confinement of the person of such debtor, to the end not only that the body of the prisoner may be at all times in the control of the sheriff, but also that the imprisonment may be actual, irksome, and a source of discomfort, so far as close and rigorous confinement in the jail may produce such results. Yet, while a sheriff may not, as an indulgence or privilege, allow the debtor to go outside the jail, it can not, we think, be said that he is to be held conclusively liable as for an escape, upon proof that he had taken or allowed the debtor to be out of jail. He may show the circumstances which induced him to so act, and from such circumstances it may be determined whether the absence of the prisoner from the jail was but temporary and for justifiable and good cause or was a mere indulgence or privilege granted the prisoner.

The view of the law we have expressed is not inconsistent with the rule announced to the jury in the 2d instruction given at request of plaintiff in error, wherein the jury are told that the sheriff should be held liable as for an escape if he allowed McGee to go outside the jail *for ever so short a time for his own ease or comfort, or to do chores,* nor with the 21st and 23d instructions given in the same behalf, in each of which it is declared that the sheriff is liable for an escape if he permitted McGee to be out of the jail for any purpose when not under strict guard. Having procured the law to be so given to the jury, the plaintiff in error can not now be heard to complain that the court ruled to the same effect in instructions given for the sheriff. Com. Coal Co. v. Hanni, 146 Ill. 614.

The jury in the case at bar at the request of the plaintiff in error made answer to twenty-seven special interrogatories.

In substance these findings are that the defendant in error caused McGee to be taken out of the jail only at times when the workmen were putting in the steam heating apparatus; that it was necessary to do so at such times, and that McGee was always under strict guard when so outside the jail.    The evidence sufficiently warranted the conclusion reached by the jury as to these facts, and we are inclined to agree with the trial judge, that the sheriff, under the proof, ought not be deemed guilty of either a voluntary or negligent escape. Had the jail been insufficient to secure the prisoners therein confined, " then the sheriff should have taken the debtor to the nearest sufficient jail of another county," in compliance with Sec. 10, Chap. 75, entitled, " Jails."    But here the jail was not so insufficient.    Workmen were there not to make it stronger or more secure, but to provide for heating it, so that those confined might not suffer during the winter that was then approaching.    Indeed, the evidence is that it was then so cold, that one could not have remained in the debtor's room of the jail without suffering, a fact also worthy of consideration, in connection with the other facts bearing upon the propriety and legality of the acts of the sheriff.

The judgment must, we think, be affirmed.