# CHARLESTON.

STATE ex rel. WALTER S. HALLANAN v. H. H. CYRUS, *Sheriff*.

Submitted October 15, 1918. Decided October 29, 1918.

1. PRISONS—*Confinement—Sheriff*.

· It is the duty of sheriffs as ex officio jailers of their counties to keep literally in jail persons sentenced to confinement therein, except when at labor under some statute authorizing their employment at work as therein directed. (p. 30).

2. MANDAMUS—*Ministerial Duty*.

This duty being ministerial, not judicial or discretionary, mandamus is the proper remedy to enforce its performance. (p. 31).

3. SAME—*Sheriff's Ministerial Duty—Relator*.

Since section 16, chapter 32A, Code 1918, empowers the state tax commissioner as ex officio state prohibition commissioner to superintend the enforcement of the state prohibition law, he is a proper party to apply for a writ of mandamus to compel a sheriff to carry into effect literally a sentence of imprisonment imposed upon one convicted of a violation of such law. (p. 31).

Mandamus by the State, on relation of Walter S. Hallanan, State Tax Commissioner, against H. H. Cyrus, Sheriff.

*Writ awarded.*

*John T. Simms*, for relator.

LYNCH, JUDGE:

In default of an appearance in person or by counsel to respond to the alternative mandate of the preliminary writ either to do the things he was commanded to do or show cause for not doing them, the charges preferred by the petition and recited in the alternative writ must be taken and accepted as true. They make plain a total and inexcusable disregard of the duties imposed by law upon sheriffs as ex officio jailers of their counties to keep literally in jail persons sentenced to confinement therein, except when at labor under some statute authorizing their employment at work as therein directed and which thereby becomes a part of the sentence to which they may be subjected. The sheriff must keep the

83 W. Va.

prisoner confined in the jail, and grant him no privilege or indulgence inconsistent with his status as a prisoner, and permit no relaxation of the confinement of his person, not only that he may at all times be within the control of the sheriff, but also that the imprisonment may be actual, irksome and a service of discomfort, so far as confinement in the jail may produce such results. *Comer* v. *Huston,* 55 Ill. App. 153.

Though Messer was sentenced to imprisonment in the county jail when convicted upon an indictment charging a violation of §31, ch. 32A, Barnes' Code 1918, he has not been so confined or imprisoned except theoretically. The sheriff has permitted him to occupy without restraint a suite of rooms in a hotel at the county seat and to roam at large without let or hindrance in an automobile as freely as if he were bound in no wise to respect the sentence imposed upon him, and even to violate the same statute with impunity and with the knowledge and acquiescence of the sheriff, if not his actual connivance and participation, and to become intoxicated and while in this condition to engage in other reprehensible and unlawful acts and conduct.

The right of the relator to the writ is not questioned and seems to be unquestionable. The duty the performance of which is sought to be coerced is not discretionary or judicial. It is wholly ministerial, and when that is the character of the duty mandamus is the proper remedy to enforce it. 9 Enc. Dig. 515.

Section 15 of the act cited constitutes the state tax commissioner ex officio state prohibition commissioner, and section 16 requires him, his deputies and agents to superintend the enforcement of all the provisions of the act or laws in any way connected with the liquor traffic, and empowers them to complain of any violation of any statute upon the subject in any court having jurisdiction of such matters for the purpose of such enforcement. These provisions are plenary and ample to empower the relator to apply for the writ and this court to award it upon his application.

*Writ awarded.*