AMERICAN INDUSTRIAL LEASING COMPANY, *a Corporation*

*v.*

RAY MCELROY, *Constable of* GRANT DISTRICT,
MONONGALIA COUNTY, WEST VIRGINIA

(No. 12785)

Submitted January 8, 1969.     Decided February 4, 1969.

*Robert T. Donley, Howard R. Klostermeyer,* for relator.

No appearance for respondent.

CAPLAN, JUDGE:

In this original proceeding in mandamus the petitioner, American Industrial Leasing Company, a corporation, seeks a writ to compel the respondent, Ray McElroy, a constable of Grant District, Monongalia County, West Virginia, to offer for sale at public auction the goods and chattels of Beechurst Avenue Joint Venture levied upon by him on May 23, 1968. A rule was granted returnable January 8, 1969, at which time this case was submitted for decision upon the petition, the exhibits attached thereto and the brief of the petitioner. This matter was not argued orally nor was there any appearance by or on behalf of the respondent.

The petitioner, a corporation duly organized and existing under the laws of the State of West Virginia, is the owner of a tract of land in the City of Morgantown, West Virginia on which is located a student dormitory building. By lease dated February 1, 1966, the petitioner leased said student dormitory building to Robert H. Law, John H. Junkins, William E. Dixon and Harry Meeks, partners trading and doing business as Beechurst Avenue Joint Venture. All of the partners are nonresidents of the State of West Virginia. The lessee became delinquent in the payment of rentals under the lease and the lease was terminated on May 1, 1968 as provided under the terms thereof. The petitioner reentered and took possession of the demised premises. It is alleged in the petition that there is due and owing said Joint Venture for rent the sum of $84,167.67, plus interest.

On May 23, 1968 the petitioner filed the affidavit of S. L. Peterman, its president, with William M. Bowers, a justice of the peace of Morgan District, Monongalia County, in which it was averred that there was due and owing from Joint Venture to said American Industrial Leasing Company the sum of $69,140.80 for rent on the petitioner's premises. Thereupon a distress warrant was issued by the justice of the peace directing any constable of Morgan District to distrain so much of the goods and chattels of Beechurst

Avenue Joint Venture as may be found upon the demised premises to satisfy the amount of rent due and owing and the costs of the distress warrant. It is further stated in the petition that the amount noted in the affidavit was inadvertently and erroneously computed to be $69,140.80, whereas, in fact, it should have been in the amount of $84,-167.67.

After the distress warrant was delivered by the justice to the respondent, the said respondent, Ray McElroy, levied upon certain goods and chattels of Joint Venture which were found on the petitioner's property. He also posted a notice at the front door of the courthouse of Monongalia County and at the demised premises that he would offer the goods and chattels for sale at public auction on June 13, 1968.

The petitioner further alleges that notwithstanding the levy and notice of sale the respondent thereafter refused to proceed with the sale and "unlawfully and wrongfully arbitrarily and capriciously demanded that petitioner post with him an indemnifying bond although said Beechurst Avenue Joint Venture did not give nor offer to give a forthcoming bond as provided by the 1931 Code of West Virginia as amended, Chapter 38, Article 6, Section 7 * * *". The petitioner says that no third party has asserted any claim, right or title to the goods and chattels levied on, nor is such property exempt from levy under Code, 1931, 38-8-1.

It is the position of the petitioner that in the absence of the assertion of some claim of ownership or title by a third person to the goods and chattels distrained upon for past due rent and upon the failure of the tenant to give a forthcoming bond, it is the legal duty of a constable into whose hands a valid distress warrant is delivered to execute the distress warrant by advertising and selling at public auction the goods and chattels levied upon. Respondent McElroy, says the petitioner, has no lawful right or authority in the circumstances of this case to require an indemnifying bond of the petitioner.

It is alleged by the petitioner that the levy and notice of sale cannot be found in the files of the justice of the peace. Therefore, the petitioner prays in the alternative that in the event the original levy cannot be located the respondent be required to re-levy upon said goods and chattels and to post notices of sale and sell as required by law.

On January 8, 1969, the day on which this case was submitted for decision, a Petition For Leave To Intervene and File An Answer was filed in this Court, together with the answer of Robert H. Law, William E. Dixon, John H. Junkins and Harry Meeks. Whether or not one may intervene in an original proceeding is a matter left to the sound discretion of the court. *State ex rel. Evans* v. *Kennedy,* 145 W. Va. 208, 115 S. E. 2d 73; *State ex rel. Thompson* v. *Fry,* 137 W. Va. 321, 71 S. E. 2d 449; 55 C.J.S., Mandamus, Section 254c. The petitioners in the petition to intervene have an adequate remedy whereby they can test the propriety of the distraint. This can be accomplished by them by giving a forthcoming bond. Code, 1931, 38-6-7. See *State ex rel. Myers* v. *Hodge,* 129 W. Va. 820, 42 S. E. 2d 23. Therefore, the petition for leave to intervene is denied.

Although the respondent has made no appearance in this proceeding, it was alleged in the petition that he has refused to sell the subject goods and chattels, notwithstanding the levy and notice of sale, unless and until the lessor posted with him an indemnifying bond. Ostensibly this refusal by the respondent to sell was based upon the provisions of Code, 1931, 38-6-1, the pertinent part of which reads as follows:

> "If any officer levy or is required to levy an execution or a warrant of distress on property, and a doubt shall arise whether such property is liable to such levy, he may give to the plaintiff, his agent, or attorney at law, notice that an indemnifying bond is required in the case."

The principal issue in this proceeding is whether, in the circumstances of this case, the respondent, Constable McElroy, may require the petitioner to give an indemnifying

bond prior to his offering for sale the subject goods and chattels under the distress warrant issued as heretofore noted. The powers, duties and liabilities of a constable are set out in Chapter 50, Article 1 of the West Virginia Code. Section 10 thereof provides: "It shall be the duty of such officer, on receipt of any summons, order, execution, or other process issued by a justice * * * to serve and execute the same * * * according to the command thereof and the provisions of law * * *." It therefore became the duty of the respondent to sell the property covered by the distress warrant as provided therein and under the provisions of the law. This was a mandatory duty unless he had a doubt "whether such property is liable to such levy," as provided in Code, 1931, 38-6-1. A constable is not permitted to refuse to consummate a sale of property as directed in a distress warrant except as noted above. If the property levied upon is claimed by a third party or if such property is exempt from levy under the provisions of Code, 1931, 38-8-1, the constable may require an indemnifying bond from the landlord prior to his offering such property for sale.

In the instant proceeding the petitioner alleged in his petition that "no third party had then or up to the date of filing this petitiion has asserted any claim, right or title to the goods and chattels so levied on; and * * * the property levied upon is not exempt from levy under Code 38-8-1." There is no denial of these allegations by answer or otherwise. In fact, there has been an appearance by or on behalf of the respondent. Facts alleged in a petition are generally taken as true where no responsive pleading is interposed by the party against whom the allegations were made. This is cogently expressed in 41 Am. Jur., Pleading, Section 198, as follows: "It is an established rule of pleading that where in the pleading of one party there is a material averment which is traversable but which is not denied by the other party, it stands admitted for the purposes of the suit, * * *." See also *State ex rel. Hallanan* v. *Cyrus*, 83 W. Va. 30, 97 S. E. 412; *Bovay* v. *H. M. Byllesby & Co.*, 27 Del. Ch. 381, 38 A. 2d 808, 174 A.L.R. 1201; *Schiro* v.

*Oriental Realty Co.*, 272 Wis. 537, 76 N. W. 2d 355, 73 A.L.R. 2d 1368; and 41 Am. Jur., Pleading, Sections 197 and 201.

Here the petitioner has made material averments—that no third party has asserted any claim to the property and that such property is not exempt from levy. The respondent has failed to file a responsive plea. Therefore, the allegations in the petition must be taken as true and the respondent must perform under the distress warrant issued to him by the justice of the peace, in accordance with the provisions of Code, 1931, 50-1-10. This performance, the sale of the subject property, must be undertaken without requiring from the petitioner an indemnifying bond.

From the foregoing we are of the opinion that the petitioner, American Industrial Leasing Company, has shown a clear legal right to the relief sought. It has also been clearly demonstrated that a corresponding duty rests upon the respondent to perform the act demanded. *State ex rel. Greenbrier County Airport Authority* v. *Hanna,* 151 W. Va. 479, 153 S. E. 2d 284; *State ex rel. Zagula* v. *Grossi,* 149 W. Va. 11, 138 S. E. 2d 356. Therefore, the petitioner is entitled to the writ of mandamus as prayed for in the petition and such writ is awarded.

*Writ awarded.*