STATE *ex rel.* CHAUNCEY H. BROWNING, JR.,
ATTORNEY GENERAL OF WEST VIRGINIA

*v.*

CHARLES H. HADEN, II,
STATE TAX COMMISSIONER OF WEST VIRGINIA

(No. 12948)

Submitted April 7, 1970.        Decided June 23, 1970.

*Cletus B. Hanley,* Deputy Attorney General, *Dennis R. Vaughan, Jr.,* Assistant Attorney General, for relator.

*Stone, Bowles, Kauffelt & McDavid, Paul N. Bowles,* for respondent.

CAPLAN, JUDGE:

In this original proceeding in mandamus the petitioner, Chauncey H. Browning, Jr., the Attorney General of West Virginia, seeks a writ to compel the respondent, Charles H. Haden, II, in his capacity as State Tax Commissioner of West Virginia, to issue his requisition upon the State Auditor to reimburse the account of the petitioner in the amount of $13,871.50 which the petitioner alleges is due and owing for the fiscal year 1969-70 for personal services of legal counsel and secretarial help furnished to the State Tax Department. The case was submitted for decision upon the mandamus petition with exhibits, upon the respondent's answer and demurrer to the petition, upon the demurrer of the petitioner to the respondent's answer and upon briefs and oral argument submitted and made on behalf of the parties.

The factual situation which gave rise to this controversy is reflected by the petition and the exhibits filed therewith. While there are no material facts in dispute, the parties differ as to the application of the law to these facts. The Budget Bill enacted by the Legislature for the fiscal year 1969-70 provides an appropriation for the State Tax Department for

personal services in the sum of $2,432,847.00. Under Item 17, Account No. 240 of the Budget Bill, which provides for the appropriation for the operation of the office of the Attorney General, is the following language:

> "When legal counsel or secretarial help is appointed by the Attorney General, for any state spending unit, this account shall be reimbursed from such unit's appropriated account in an amount agreed upon by the Attorney General and the proper authority of said spending unit."

As required by law the respondent submitted an expenditure schedule to the Commissioner of Finance and Administration wherein was provided the sum of $224,140.00 "To reimburse the Attorney General for Legal Counsel and Secretarial Help as provided by the 1969 Budget Act." The petitioner also submitted an expenditure schedule wherein he listed by name the personnel, legal and secretarial, which would be furnished to the State Tax Department. The amount provided in said schedule for the payment of salaries of such personnel was $222,200.00. Preceding the list was this language: "The following accounts will be requested by the Tax Department to reimburse this account for counsel and secretarial services supplied."

It is further reflected by the petition that the petitioner requested the respondent to reimburse Account No. 2400-00 in the amount of $16,808.26 for the month of July, 1969; that he requested the reimbursement to said account in the amount of $17,108.26 for the month of August, 1969; that on October 6 the petitioner requested reimbursement in the sum of $16,697.03; and that payment of the above sums was refused by the respondent. The petitioner also shows that on November 18, 1969 the respondent effected payment in the sum of $42,250.00 to reimburse the petitioner's account for the months of July, August and September, which amount the petitioner says is deficient in the sum of $8,363.55, he having expended $50,613.55.

The petitioner further alleges that the respondent's reimbursement for the month of October, 1969 was deficient in

the sum of $1,691.59; for the month of November, 1969 in the sum of $1,691.59; for the month of December, 1969 in the sum of $1,291.59; for the payment requested January 28, 1970 in the sum of $541.59 and for the month of February, 1970, $291.59. The total deficiency claimed by the petitioner to be due and owing for the legal services and secretarial help is in the amount of $13,871.50. This sum the petitioner says must be paid by the respondent or during the last half of June, 1970 the petitioner will have no funds with which to pay the salaries of any of his personnel.

The respondent's demurrer substantially states his defense to the allegations in the petition. Therein he asserts that the petitioner fails to show a clear legal right to the relief requested and a corresponding duty on the part of the respondent to perform the things demanded. He further asserts that the petition is not sufficient in law to furnish a basis for relief for the additional reasons that there are no allegations therein that the respondent deemed it necessary to request the petitioner to appoint assistant attorneys general for him, as required by Code, 1931, 11-1-1, as amended; that the respondent requested such appointments be made; that the petitioner did appoint such assistants to assist the respondent; that any assistant attorneys general did perform duties as required by the respondent; or that the petitioner, as Attorney General, and the respondent, as State Tax Commissioner, ever agreed on any amount that was to be reimbursed from the respondent's account to the petitioner's account, as contemplated and required by the provisions of Item 17 under Section 1, Title II, of the Budget Bill for the fiscal year 1969-1970.

The respondent also takes the position that the expenditure schedule filed by him is only an estimate of the funds needed for the specified purpose and that he is not obligated to spend the total sum thereof. He says that the amounts paid the petitioner's account as reimbursement for services rendered by assistant attorneys general and secretarial help were in the amounts agreed to by him, the respondent.

Whether the petitioner has shown a clear legal right to the relief requested is a conclusion to be determined in this

proceeding. The points of the respondent's demurrer which allege that the petition is insufficient for the reason that the petitioner failed to allege that (1) respondent deemed it necessary to request the petitioner to appoint assistant attorneys general for him, (2) the respondent requested such appointments be made, (3) the petitioner did appoint such assistants to assist the respondent, and that (4) any assistant attorneys general did perform duties as required by the respondent, are, in view of the record, without merit.

The petitioner alleged in his petition that there was included in the respondent's budget for personal services the sum of $2,432,847.00; that the expenditure schedule filed by the respondent specified the sum of $224,140.00 "To reimburse the Attorney General for Legal Counsel and Secretarial Help as provided by the 1969 Budget Act;" and that the petitioner's expenditure schedule showed that his proper account was to be reimbursed by the respondent for such services in the amount of $222,200.00. These allegations are supported by exhibits filed with the petition and are undisputed.

It is further alleged in the petition that the petitioner requested reimbursement from the respondent in amounts therein specified for services rendered to the respondent from July, 1969 through February, 1970, the total of these requests being in the sum of $131,538.15. It is reflected in the petition, and it is undenied, that the respondent effected reimbursement to the petitioner's account for such services for the specified months in the sum of $117,666.65.

Such payments having been made by the respondent to reimburse the petitioner for all but a fraction of the amount requested, necessarily compels the conclusion that the respondent deemed the services necessary, that he requested such services and that such services were in fact performed by the petitioner's personnel. To conclude otherwise would constitute a finding that the respondent paid out of his funds the sum of $117,666.65 without receiving any services therefor. Certainly, this cannot be assumed. It is, therefore, reflected by the petition that the respondent accepted the services of the assistant attorneys general and secretaries and

that such personnel performed the services for which they were employed. He cannot now assert that he did not deem them necessary, that he did not request them or that they did not perform the services requested. In addition to the foregoing the respondent clearly admitted in his answer to the petition that he paid the amounts he agreed to pay.

The final point of the respondent's demurrer relating to the failure of the petitioner to allege that the parties "ever agreed on any amount that was to be reimbursed" presents another question. It cannot be denied that no such allegation is included in the petition; nor is it reflected by the record that the parties ever agreed as to the amounts for which reimbursement must be made. Unless this assertion of the respondent can be adequately answered by the petitioner, the respondent's demurrer must be sustained.

There is no conflict as to the authority of the respondent to obtain legal assistance from the petitioner or of the petitioner to furnish such assistance. Both parties agree that this is provided for in Code, 1931, 11-1-1, as amended, the pertinent part of which reads:

> "The tax commissioner, if he deems such action necessary, may request the attorney general to appoint assistant attorneys general who shall perform such duties as may be required by the tax commissioner. The attorney general, in pursuance of such request, may select and appoint assistant attorneys general, to serve during the will and pleasure of the attorney general, and such assistants shall be paid out of any funds made available for that purpose by the legislature to the State tax department."

We have held herein that the above-quoted code provision has been complied with insofar as it concerns the appointment of assistant attorneys general for the purpose of rendering service to the respondent. That the Attorney General has the authority to select and appoint such assistants and that they shall serve at his will and pleasure is not disputed. Also, there is no denial that the salaries of the assistants so assigned "shall be paid out of any funds made available for that purpose by the legislature to the State tax

department." The manner in which the payment of those salaries shall be made, however, was further provided by the legislature. It declared by statutory enactment that the Attorney General's account "shall be reimbursed from such unit's appropriated account in an amount agreed upon by the Attorney General and the proper authority of said spending unit." See the Budget Bill for 1969-70, Item 17, Account No. 240.

By this plain language the legislature has placed in the Attorney General as well as in the proper authority of the spending unit discretion as to the amount that reimbursement will be made for the use of legal counsel and secretarial help. It appears clear, from a consideration of the above-quoted portion of Code, 1931, 11-1-1, as amended, and the Budget Bill that the spending unit, the tax department in the instant case, is granted some control of the amount it is to reimburse the Attorney General. He does not thereby necessarily designate the salaries of the Attorney General's personnel but he does have a voice in the amount that reimbursement is to be made.

The petitioner contends that because his personnel, for whose salaries reimbursement is sought, were performing services in the tax department when the respondent took office and that since the latter's expenditure schedule provided sufficient funds to reimburse the petitioner's account in an amount equal to that provided in the petitioner's expenditure schedule, the respondent had no alternative except to reimburse in the amount requested by him. He takes the position that the amount provided in the respondent's expenditure schedule is "set aside" and is irrevocably pledged for reimbursement for the salaries paid to his personnel who rendered service to the tax commissioner.

To adopt the petitioner's contention would remove from the proper authority of a spending unit the discretionary power clearly granted to him by the legislature. As herein noted, the respondent, under the provisions of Code, 1931, 11-1-1, as amended, may exercise discretion as to whether he needs the assistance of the Attorney General. Also, the head

of a spending unit retains discretion over the expenditure of funds included in an expenditure schedule. Certainly, it cannot be successfully contended that all of the funds listed in an expenditure schedule must be spent. See Code, 1931, 12-3-12, as amended, relating to unexpended appropriations.

As herein noted, it was not alleged in the petition that the petitioner and respondent had ever agreed on any amount of reimbursement to be made by the latter. As further noted, the legislature has provided, when the Attorney General furnishes legal counsel and secretarial help to a spending unit of state government that his account "shall be reimbursed from such unit's appropriated account in an amount *agreed* upon by the Attorney General and the proper authority of said spending unit." (Italics supplied.)

It is incumbent upon the petitioner, in order to show a clear legal right to the relief requested, to show that the amount of money he is seeking as reimbursement is due him in accordance with the legislative direction quoted in the immediately preceding paragraph. No agreement between the parties was alleged and none was shown to exist. In fact, the respondent's refusal to reimburse the petitioner for the first month of the new fiscal year demonstrated clearly that there was no such agreement.

This Court has repeatedly held and it is well settled that he who seeks relief by mandamus must show a clear legal right to the remedy. *State ex rel. Greenbrier County Airport Authority v. Hanna*, 151 W.Va. 479, 153 S.E.2d 284; *American Industrial Leasing Company v. McElroy*, 152 W.Va. 587, 165 S.E.2d 617.

Judge Browning, deeming himself disqualified, did not participate in the consideration and decision of this case.

For reasons herein assigned and in view of the statutes cited, we find that the petitioner has not made a showing of a clear legal right to the relief requested. Therefore, the respondent's demurrer is sustained and the writ is denied.

*Writ denied.*