I am authorized to state that Justice Haden joins in this concurring opinion.

STATE *ex rel.* ANDREW J. STOWERS

*v.*

IRA FRYE, LOUIS ABRAHAM, EARL LAWRENCE,

*Commissioners of the County Court of Lincoln County,*

*etc.*

(No. 13511)

Decided October 11, 1974.

*W. Jack Stevens* for petitioner.

*Rudolph L. DiTrapano, Robert W. Lawson, III*, for respondents.

CAPLAN, CHIEF JUSTICE:

In this original proceeding in mandamus the petitioner, Andrew J. Stowers, seeks a writ to compel Ira Frye, Louis Abraham, and Earl Lawrence, Commissioners of the County Court of Lincoln County and ex officio Board of Canvassers of said county to reconvene and certify the results of the primary election held on May 14, 1974, for the office of Commissioner of the County Court in accordance with the original results as determined in the original canvass of said primary election. On the return day of the rule issued by this Court the case was submitted for decision upon the mandamus petition, the answer by the respondents, upon certain depositions taken on behalf of the petitioner and upon briefs and arguments of counsel.

At the May 14, 1974, primary election Andrew J. Stowers, the petitioner, was a candidate on the Democratic ticket for the office of County Commissioner of Lincoln County, his opponents being Dennis Browning and Earl Lawrence, one of the respondents in this proceeding. The respondents, as a Board of Canvassers, convened at the office of the Clerk of the County Court of Lincoln County as required by Code, 1931, 3-6-9,

as amended, for the purpose of canvassing the votes and declaring the results of the election. Upon the completion of the canvass the petitioner, Mr. Stowers, was declared the winner by twenty-seven votes. Thereafter, Earl Lawrence timely filed a notice of recount and a recount was held. At the conclusion thereof Mr. Lawrence was determined to be the winner over the petitioner by twenty-two votes.

Petitioner Stowers, asserting that by reason of the failure of the Board of Canvassers to preserve the integrity of the ballots as required by Code, 1931, 3-6-9, as amended, served a notice on said board requesting that it reconvene and certify the results of the primary election, insofar as the office of Commissioner of the County Court is concerned, in accordance with the original canvass wherein said petitioner was declared the winner. This the respondents as a Board of Canvassers refused to do. Thereafter the petitioner attempted to secure relief in the Circuit Court of Lincoln County but was unsuccessful for the reason that the United States Attorney for the Southern District of West Virginia and the United States Marshall, pursuant to a federal grand jury investigation, had seized all election records of Lincoln County and were still holding the same. These matters relating to the possession of the election materials of Lincoln County were alleged in the answer of the respondents in this proceeding and are relied upon by them as justification for refusing to reconvene and declaring the petitioner the Democratic nominee for the office of County Commissioner of the County Court of Lincoln County.

In support of his assertion that the ballots had lost their integrity Andrew J. Stowers alleged in his petition "* * * that the Board of Canvassers of Lincoln County did not after ascertaining the returns of said primary election from the county, preserve the ballots by carefully sealing the ballots in a new envelope with each member of the Board writing his name across the place where each envelope is sealed, as required by statute,

(Code 3-6-9 as amended) but, instead, merely fastened the ballots in the precinct envelopes, and not a new envelope, with small metal staples which could easily be removed and replaced without leaving any evidence of tampering * * *." The petitioner further alleges that the only appreciable changes in the results occurred in three precincts, namely, Precincts Nos. 14, 24 and 25. He alleges that after the recount several ballots were double marked, resulting in votes being cast for Lawrence and him on such ballots. Several marks which were distinctly different from the other marks on said ballots were in evidence, making the validity of such ballots suspect.

The pertinent words of Code, 1931, 3-6-9, as amended, being the language upon which the petitioner relies, read as follows: "The ballots shall then be again sealed up carefully in a new envelope, and each member of the board shall write his name across the place where such envelope is sealed." Contending that the subject ballots were not preserved as required by such statutory language the petitioner seeks this relief.

On August 30, 1974, the depositions of Andrew J. Stowers, the petitioner, Denzil Ray Stowers and Roger Vickers were taken at which time all parties were represented by counsel. The three deponents had attended the canvass or the recount and testified in support of the allegations of the petition. The answer of the respondents related only that they were helpless by reason of the election materials having been seized and taken into possession by the United States Attorney and the Federal Marshall for the Southern District of West Virginia. The answer does not refute the allegations of the petition; nor does it recite that the respondents are without sufficient information to determine the truth of the matters in issue; neither does it call for strict proof of the allegations.

The allegations of the petitioner, asserting that the ballots had lost their integrity after the original canvass by reason of the failure of the Board of Canvassers to

preserve them in accordance with the requirements of Code, 1931, 3-6-9, as amended, are sufficient, if true, to warrant an award of the relief sought. The pertinent language of said code section is quoted above. As herein noted, the petitioner alleges that the envelopes in which the ballots were placed after the canvass were not sealed. These allegations were supported by proof and the truth thereof was in no manner disputed by the respondents.

This Court, in Point 3 of its syllabus of *American Industrial Leasing Company v. McElroy*, 152 W. Va. 587, 165 S.E.2d 617 (1969), a proceeding in mandamus, said: "Facts alleged in a petition are generally taken as true where no responsive pleading is interposed by the party against whom the allegations were made." Demonstrating that the above-quoted syllabus reflects the universally accepted rule is the following language in 61 Am. Jur. 2d *Pleading* Section 175: "It is an established rule of pleading that where in the pleading of one party there is a material averment which is traversable but which is not denied by the other party, it stands admitted for purposes of the suit." *See also, State ex rel. Hallanan v. Cyrus*, 83 W. Va. 30, 97 S.E. 412 (1918); *Bovay v. H. M. Byllesby & Co.*, 27 Del. Ch. 381, 38 A.2d 808, 174 A.L.R. 1201 (1944); and *Schiro v. Oriental Realty Co.*, 272 Wis. 537, 76 N.W.2d 355, 73 A.L.R. 2d 1368 (1956). In view of the principles stated, the authorities cited and the failure of the respondents to respond, the allegations of the petition must stand admitted for the purpose of this proceeding.

In *State ex rel. Daugherty v. County Court of Lincoln County*, 127 W. Va. 35, 31 S.E.2d 321 (1944), the Court said, in Point 2 of its syllabus: "Ballots used in a primary election which are not sealed and otherwise preserved substantially as required by Code, 3-5-33, lose their integrity as such and cannot be considered as evidence of votes actually cast." Our research reveals that the pertinent language of and requirement set out in Code, 3-5-33 is identical to that contained in Code, 1931,

3-6-9, as amended, which is herein quoted. Clearly, the unrefuted allegations show that the ballots were not preserved as required by statute and, under the holding in *Daugherty, supra,* the petitioner must prevail.

The writ of mandamus will be awarded as prayed for.

*Writ awarded.*